Jose Isaias **CORRALES–JACOBO,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 19684.**

United States Court of Appeals
Ninth Circuit.

Aug. 31, 1965.

Richard Welden Marston, San Jose, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and ELY, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal from a conviction for dealing in narcotics under 21 U.S.C. § 174. The sole specification of error is that the district court allegedly failed to instruct the jury that the defendant must have *known* that the substance with which he was engaged in the proscribed conduct was a narcotic. We have reviewed the conduct of the trial by the district court, and we find that the jury was in no way misled as to the essential elements of the offense charged, and that the jury was instructed that appellant must have knowingly dealt in narcotics.

The statutory provision in question reads in pertinent part as follows:

"Whoever * * * knowingly * * * receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law * * * shall be imprisoned * * *.

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." 21 U.S.C. § 174.

The record unambiguously demonstrates that the trial court impressed the jury with the fact that the receipt, concealment, purchase, sale, or facilitation of transportation of the narcotic specified in the indictment must have been performed "knowingly." Appellant admits this fact, but contends that the trial judge must also instruct the jury that the defendant must have known that the substance which he knowingly received, concealed, etc., was in fact a narcotic drug. We find he did just that.

We cannot understand how it would be possible for one who "knowingly conceals a narcotic drug" to do so without knowing the substance *is* a narcotic drug.

Our reading of the colloquy between counsel and the court, and the subsequent instructions given to the jury convinces us that no doubt existed or could exist in the mind of any juror that the requirement of a "knowing" act on the defendant's part included within it that the defendant have known that the illegal substance was a narcotic drug. No evidence that the jury was led to believe or could believe anything to the contrary has been presented by appellant. In fact, at the time of the court's instructions to the jury, appellant's then counsel expressly acknowledged that the court's expression of the elements of the crime, and particularly the nature of the knowledge required by the defendant, was satisfactory. (R.T. 123.)[1]

Appellant further urges that the presumption contained in the latter part of § 174, although previously constitutionally upheld, on many occasions, can only be used "to fill the gap of legal proof that would otherwise be required to show the defendant had knowledge of illegal importation." We disagree. The presumption goes further. By the statute's terms, upon proof of "possession of the narcotic drug," the defendant is required to explain "his possession of the narcotic drug to the satisfaction of the jury." "Possession of such drug" is "sufficient to authorize conviction," unless explained. Thus to interpret the statute as creating only the presumption that there was illegal importation of an object would

---

1. "Mr. Enstrom: When your Honor read the statute I didn't hear you use the word 'knowingly.' *Of course, you have referred to it several times since.* I just wanted to call that to your Honor's attention.

"The Court: Any other objection?

"Mr. Tatus: No, I have no objection, your Honor.

(Whereupon the proceedings resumed before the jury as follows):

"The Court: Counsel calls to my attention that when I read the statute I may have omitted the word 'knowingly.'

Section 174, the part with which we are concerned, reads: 'Whoever *knowingly* * * * receives, conceals, * * * or in any manner facilitates the transportation or concealment * * * of any such narcotic drug after having been imported or brought in, knowing the same to have been imported or brought into the United States contrary to law * * *' shall be guilty of an offense. But I think I mentioned the word 'knowingly' at various other times in my instructions.

"Is that satisfactory?

"Mr. Tatus: *Yes, your Honor.*"

(R.T. 123, emphasis added.)

The jury was instructed that knowledge was an essential element of the crime. The jury was also instructed that proof of specific intent was essential for conviction, and that specific intent requires that the act in question be done "knowingly." The jury was instructed that "no man should be convicted of a felony unless he has a sense of wrongdoing."

It should be noted that the court gave a standard instruction defining the essential elements of the crime (R.T. 111; 27 F.R.D. 166–167, Instruction 24.05.)

In addition, the court instructed the jury as follows:

"If you find, beyond a reasonable doubt, that the defendant *knowingly* received, concealed, facilitated the transportation of the substance, and that it was heroin, then of course, if it was done *knowingly*, obviously he had a specific intent, he had a guilty mind.

* * * * *

"The purpose of adding the word '*knowingly*' was to assure that no one would be convicted for an act done because of mistake, inadvertence or other innocent reason." (R.T. 117–118, emphasis added.)

render the presumption largely ineffective and meaningless. The rebuttable presumption comes into play upon proof of possession of that which is later proved to be a narcotic drug. Its application is not prohibited because of the prosecution's ordinary inability to establish affirmatively that the possessor was subjectively knowledgeable as to the nature of the possessed substance.

Affirmed.