**James F. O'CALLAHAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 3–68–Civ.–253.

United States District Court
D. Minnesota,
Third Division.

Nov. 27, 1968.

. James F. O'Callahan, pro se.

Patrick J. Foley, U. S. Atty., and Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Plaintiff, a prisoner in federal custody, seeks a declaration that time he spent on parole before issuance of a parole violator warrant, should be credited as a diminution of time remaining to be served on his sentence. In 1956, the plaintiff was sentenced by a military court to serve a term of ten years. In 1960, he was paroled. After 675 days on parole, a warrant for parole violation was issued on March 13, 1962. The statutory authority for such a warrant is found in Title 18 U.S.C.A. § 4205. The last sentence of that section provides:

> "The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

Plaintiff is no stranger to federal courts. The windings of his litigative life may be traced as follows: O'Callahan v. Attorney General of United States, 230 F.Supp. 766 (D.Mass. 1964), aff'd 338 F.2d 989 (1st Cir. 1964), cert. denied, 381 U.S. 926, 85 S. Ct. 1563, 14 L.Ed.2d 685 (1965); O'Callahan v. Attorney General of United States, 351 F.2d 42 (1st Cir.1965), cert. denied, 382 U.S. 1017, 86 S.Ct. 632,

15 L.Ed.2d 531 (1966); United States ex rel. O'Callahan v. Parker, 256 F.Supp. 679 (M.D.Pa.1966), aff'd 372 F.2d 136 (3d Cir.1967); United States v. O'Callahan, 16 U.S.M.A. 568, 37 C.M.P. 188 (1967); United States ex rel. O'Callahan v. Parker, 390 F.2d 360 (3d Cir.1968), cert. granted, 393 U.S. 822, 89 S.Ct. 177, 21 L.Ed.2d 93 (1968). As cited, the plaintiff presently has a petition on the appellate docket of the United States Supreme Court; that petition is confined solely to the question of the jurisdiction of a military tribunal to try servicemen for crimes committed off base while on leave.

The complaint presently before this court is premised on the contention that, despite the language previously quoted, time spent on parole should diminish the time to be served upon revocation of parole; or in the alternative, if 18 U.S.C. A. § 4205 is found to mean what it says, it is unconstitutional, upon what grounds, plaintiff does not specify.

Such a two-step attack upon the statute is not new. And it has never been successful. See, e.g., Clark v. Blackwell, 374 F.2d 952 (5th Cir.1967); Higgerson v. United States Attorney General, 369 F.2d 398 (8th Cir.1966), cert. denied, 386 U.S. 1026, 87 S.Ct. 1386, 18 L.Ed.2d 468 (1967); Smith v. Blackwell, 367 F. 2d 539 (5th Cir.1966); Postelwait v. Willingham, 365 F.2d 759 (10th Cir. 1966); Phillips v. United States Board of Parole, 122 U.S.App.D.C. 235, 352 F. 2d 711 (1965); Hodge v. Markley, 339 F.2d 973 (7th Cir. 1965); cert. denied, 381 U.S. 927, 85 S.Ct. 1564, 14 L.Ed.2d 685; Phillips v. United States Board of Parole, 254 F.Supp. 529 (N.D.Ill.1966); Stevenson v. United States, 250 F.Supp. 859 (W.D.Mich.1966), cert. denied, 389 U.S. 884, 88 S.Ct. 155, 19 L.Ed.2d 183.

■ Of greater and decisive significance, however, is the fact that the plaintiff himself has previously raised the same issue—both as to construction and constitutionality—and has been unsuccessful. O'Callahan v. Attorney General of United States, 351 F.2d 43 (1st Cir.1965), cert. denied, 382 U.S. 1017, 86 S.Ct. 632, 15 L.Ed.2d 531 (1966).

■ Because it is so widely grounded in authority, it has only to be noted in passing that the granting of declaratory relief is within the reasoned discretion of the trial court. See, 6A Moore's Federal Practice ¶ 57.08 [1], 3 Barron & Holtzoff, Federal Practice and Procedure § 1265 (1958), and cases cited therein. Without an extended discussion of the boundaries of that discretion, or of the probably applicable doctrine of res judicata, we note that courts,

> "will refuse to entertain a declaratory judgment action where the controversy has been settled by the decision of some other tribunal. * * *" 3 Barron & Holtzoff, supra, (Supp.1967).

Further, it is axiomatic that the Declaratory Judgment Act,

> "does not provide a means whereby previous judgments by state or federal courts may be re-examined, nor is it a substitute for appeal * * *." Shannon v. Sequechi, 365 F.2d 827 (10th Cir.1966), app. dism. cert. denied, 386 U.S. 481, 87 S.Ct. 1175, 18 L.Ed.2d 225, reh. denied, 386 U.S. 1014, 87 S. Ct. 1354, 18 L.Ed.2d 452 (1967).

Because the issues presented here have already been determined to be without merit as to this plaintiff, the relief requested is denied and the complaint

Dismissed.