**James WATSON, Petitioner-Appellant,**

**v.**

**Judge HENDERSON, Respondent-Appellee.**

**No. 74–1043**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 6, 1974.

James Watson, pro se.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

This appeal comes from an order of the district court denying the mandamus petition filed against District Judge Albert J. Henderson by a Georgia state prisoner. We affirm.

---

3. See also United States v. Cook, 5 Cir. 1974, 492 F.2d 747 [No. 73–2906 decided April 12, 1974].

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Appellant had previously filed Civil Action No. 16821 for monetary damages in the court below claiming that he had not been furnished a complete trial transcript. Judge Henderson, to whom the case was allotted, granted a defense motion for summary judgment. Subsequently appellant filed his petition for a writ of mandamus to direct Judge Henderson to show cause why he had dismissed appellant's petition in no. 16821. Appellant alleged that Judge Henderson was prejudiced against him; that a judgment had never been rendered on the original complaint, but only on a motion to amend the complaint; that the reasons for granting summary judgment were erroneous; and that because he had never received a copy of a final judgment, he was prevented from appealing. The district court dismissed the mandamus petition.

The record before us includes a copy of the record in case no. 16821 which contains appellant's notice of appeal and application for a certificate of probable cause. In those documents, filed within 30 days of judgment, appellant referred to the "final order of denial" and "the order of dismissed [sic] with prejudice." These documents clearly refute appellant's contentions that his complaint had never been ruled upon and that he had not received a copy of the order, which had prevented him from appealing. Furthermore, a reading of the order of dismissal in no. 16821 shows that it clearly disposes of that case on its merits. The mandamus petition was patently lacking in good faith.

Also, as the district court found, it is not the function of a district judge to consider errors allegedly committed by another district judge in the performance of his duties. 28 U.S.C. § 1291. We perceive no error in the judgment below and accordingly the judgment below is affirmed.

Affirmed.