**SPAN EAST AIRLINES, INC., Plaintiff,**

v.

**DIGITAL EQUIPMENT CORPORATION and Digital Equipment Corporation De Puerto Rico, Defendants.**

Civ. A. No. 76–1425–C.

United States District Court, D. Massachusetts.

March 28, 1980.

---

Joseph T. Travaline, Burlington, Mass., for plaintiff.

Ansel B. Chaplin, Hilary S. Schultz, Chaplin, Barzun & Casner, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This matter came before the Court for consideration of the following motions:

1) Defendants' Motion for Leave to Reargue their Motion to Dismiss as a Motion for Summary Judgment and for Leave to File Supplemental Answers.

2) Defendants' Request for Certification of the Court's Denial of Defendants' Motion to Dismiss for Failure to Pay Costs.

3) Defendant Digital de Puerto Rico's Motion for Summary Judgment as to Count I.

4) Defendants' Joint Motion for Summary Judgment as to Count II.

5) Plaintiff's Motion to Amend its Complaint.

*Defendants' Motion for Leave to Reargue Their Motion to Dismiss as a Motion for Summary Judgment And for Leave to File Supplemental Answers*

This action was commenced on January 21, 1976 and answers were filed by the defendants May 4, 1976. The issue of plaintiff's capacity to sue was not raised by those answers.

On July 31, 1978 defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 41(b) arguing that there was no duly authorized representative of the corporate plaintiff authorized to maintain this action. That motion was heard by another judge of this Court (Freedman, J.). Notwithstanding his belief that the issue was not properly raised by a motion under rule 41(b) Judge Freedman considered the defendants' arguments and in his order of October 9, 1979 stated:

"[T]his court is satisfied by the documentation supplied by Span East, consisting of the minutes of a meeting of its board of directors, that Paul V. Scuderi, as president is authorized to represent the corporation."

Less than two weeks later defendants filed their motion for leave to file supplemental answers pursuant to Fed.R.Civ.P. 15. The supplemental answers which defendants seek to file in this case set forth events which allegedly occurred between March 1976 and May 1978 on the basis of which defendants seek to raise the defense of the plaintiff's lack of capacity. The gist of the allegations set forth in the proposed supplemental answers is that the plaintiff corporation is without capacity to prosecute this action because it has no validly elected officers or directors.

Defendants move for summary judgment on the basis of the supplemental answers and support these with affidavits, various responses to discovery motions and the deposition of Paul Scuderi. However despite the difference in the procedure followed by the defendants no evidence is currently before the Court which was not also before Judge Freedman when he issued his order and the arguments of defendants are the same now as those argued at that time. Defendants contend nonetheless that this Court should reconsider the October 9, 1979 order because the issue of plaintiff's capacity to sue "was not sufficiently considered in Judge Freedman's Memorandum and Order."

In the absence of some new arguments or evidence it would be inappropriate for one judge of this Court to reconsider the findings and rulings of another judge of this Court. Such a review is the function of the Court of Appeals for the First Circuit to which defendants may appeal should they decide to do so at some time in the future. Therefore defendants' motion for leave to reargue their motion to dismiss as a motion for summary judgment and for leave to file supplemental answers should be denied.

*Defendants' Request for Certification of the Court's Denial of Defendants' Motion to Dismiss for Failure to Pay Costs*

In the motion to dismiss heard by Judge Freedman defendants also asserted a second basis for dismissal of this action. They argued that dismissal was appropriate because plaintiff had failed to comply with an order to pay attorneys fees and costs. Judge Freedman found that plaintiff's noncompliance with the order was based on an inability to pay and denied the motion stating "the sanction of dismissal is so severe and operates as such a hardship on a party, it should be utilized only in severe cases and after careful consideration of the alternatives."

Defendants now seek an opportunity to apply to the Court of Appeals for immediate review of that portion of Judge Freedman's order.

■ While it is true that any review of Judge Freedman's order should· be handled by the Court of Appeals, I am not of the opinion that this is "a controlling question of law as to which there is substantial ground for difference of opinion" and that "an immediate appeal from the order [might] materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).[1] Certification of an issue by the District Court to the Court of Appeals is not a routine procedure. Indeed there is a distinct federal policy against piecemeal ap-·peals *See Switzerland Cheese Assoc., Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 24–25, 87 S.Ct. 193, 194–95, 17 L.Ed.2d 23 (1966). As a result of the foregoing I rule that defendants' request for certification of the Court's denial of defendants' motion to dismiss for failure to pay costs should be denied. ·

### Defendant Digital de Puerto Rico's Motion for Summary Judgment as to Count I

The facts viewed in the light most favorable to plaintiff, for purposes of this motion, are as follows:

Plaintiff Span East Airlines, Inc. (hereinafter Span East) is a New York corporation with its principal place of business in Florida.

Defendant Digital Equipment Corporation de Puerto Rico (hereinafter Digital/P.R.) is a Delaware corporation with its principal place of business in Puerto Rico.

In July, 1974 Span East entered into a contract with Digital/P.R. for the carriage of cargo from Puerto Rico to Massachusetts and return. The contract provided for three round trips per week at a minimum consideration of $23,250 per week. In Count I of its complaint plaintiff contends that Digital/P.R. breached that contract

and that said breach resulted in damages of $321,000.00 to Span East.

Paragraph 9 of the July 9, 1974 agreement provided in part:

This Agreement may be terminated by either party with or without cause upon the giving of sixty (60) days written notice to the other party.

Marietta M. Ethier, Assistant General Counsel for Digital Equipment Corporation (hereinafter Digital)[2] wrote the following letter to Span East:

September 6, 1974

Gentlemen:

Please be advised that in accordance with the provisions of paragraph 9 of the agreement by and between Digital Equipment Corporation de Puerto Rico and Span East Airlines, Inc., dated July 25, 1974, said agreement shall terminate sixty (60) days from the date of this letter unless before September 20, 1974 you provide us with a Certificate of Insurance evidencing that you have the coverage described in said agreement.

Very truly yours,
DIGITAL EQUIPMENT CORPORATION
By ――――――――――――
Marietta M. Ethier

That letter was typed under Digital's letterhead.

In a later letter to Mr. Scuderi, then President of Span East, dated September 20, 1974, Ms. Ethier cautioned that "the sixty days notice dated September 6, 1974 still stands and the time is running."

Despite these two communications however Digital/P.R. continued to ship cargo via Span East Airlines, Inc. in accordance with the terms of the contract after November 6, 1974.

---

1. 28 U.S.C. § 1292(b) provides in part:

    "When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order."

2. Digital/P.R. is a wholly owned subsidiary of Digital.

A letter dated November 15, 1974 to Span East from Ms. Ethier provided:

Gentlemen:

As per my letter dated September 6, 1974, copy attached, please be advised that the 60 day period mentioned therein has expired and that therefore our agreement dated July 25, 1974, is terminated.

Very truly yours,
DIGITAL EQUIPMENT
CORPORATION
Marietta M. Ethier
Assistant General Counsel

■ Defendant argues that it lawfully terminated the contract by giving sixty (60) days prior notice of its intent to terminate. Plaintiff argues that Ms. Ethier, who was an employee of Digital, was not authorized to give notice of termination on behalf of Digital/P.R. The affidavit of Ms. Ethier establishes that this argument is without basis in fact. I rule that the uncontroverted Ethier affidavit eliminates any question of fact as to her authority to act for Digital/P.R. Plaintiff also argues that even if she was so authorized, the notice given was waived by the subsequent conduct of Digital/P.R. when it continued to do business with Span East in accordance with the terms of the contract after the 60 (sixty) day period had run. I rule that there was no waiver nor in light of the notices from Digital/P.R. to plaintiff is there any question of material fact with reference to waiver.

After consideration of the pleadings and arguments of counsel, as well as the affidavits and deposition testimony offered in support of and in opposition to this motion, I am persuaded that there is no genuine issue of material fact for determination at trial. I rule therefore that defendant, Digital/P.R.'s motion for summary judgment should be allowed.

*Defendants' Joint Motion for Summary Judgment as to Count II*

■ At the hearing before this court in December 1979 plaintiff moved to discontinue as to the second cause of action. Accordingly defendants' joint motion for summary judgment as to Count II should be allowed.

*Plaintiff's Motion to Amend its Complaint*

As discussed above plaintiff's two count complaint was filed in January 1976. Almost four years later in December 1979 after a date had been set for trial and one day before the hearing on defendants' motions for summary judgment plaintiff filed a motion to amend its complaint in order to include a third cause of action.

During that intervening four year period the defendants had utilized the discovery process in order to prepare their defense against the two count complaint. During that same time period plaintiff not only conducted no discovery whatsoever but also wrongfully delayed defendants' discovery attempts. Now, after the completion of discovery and on the eve of trial, plaintiff seeks to introduce a new cause of action which would require defendants to renew their discovery efforts.

Fed.R.Civ.P. 15(a) provides for the amendment of pleadings to which a responsive pleading has been served as follows: "a party may amend his pleading only by leave of court . . . and leave shall be freely given when justice so requires." The issue before the Court on plaintiff's motion to amend therefore is whether justice requires allowance of the amendment.

■ I find that justice does not so require in this case because I find (1) that the motion is untimely and (2) that allowance of the motion would unduly prejudice defendant Digital. I rule, therefore that plaintiff's motion to amend its complaint should be denied.

Order accordingly.