**Helgard BAIER, et al.**

v.

**Hon. John V. PARKER.**

**Civ. A. No. 81–731–B.**

United States District Court,
M. D. Louisiana.

Sept. 24, 1981.

Michael C. Palmintier, Haymon & Palmintier, Paul R. Baier, Baton Rouge, La., for plaintiff.

POLOZOLA, District Judge.

The plaintiffs have filed this suit seeking a declaratory judgment and injunctive relief pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201. Named as a defendant herein is United States District Judge John V. Parker. In their complaint plaintiffs seek to have the Court determine the following question:

"Whether the order of the Honorable John V. Parker dated 11 March, 1981, pertaining to the suit entitled '*Clifford Eugene Davis, et al v. East Baton Rouge Parish School Board, et al*, Civil Action Number 1662' is in violation of petitioner's rights under the First and Fifth Amendments to the United States Constitution."

While the plaintiffs in this action have styled this suit as a suit for declaratory

judgment and injunction, it is clear that plaintiffs have filed a horizontal appeal to have this Court review a decision rendered by Judge Parker in the East Baton Rouge Parish school desegregation case and a decision rendered by the Fifth Circuit Court of Appeals which has previously denied plaintiffs' request for declaratory and injunctive relief.

For reasons which follow, the Court finds that plaintiffs' suit was improperly filed with this Court and must be dismissed.

## I. BACKGROUND

On March 4, 1981, Judge Parker issued a verbal order in the East Baton Rouge Parish school case "relating to discussions concerning a possible consent decree" in that case. This verbal order was supplemented by a written order issued by Judge Parker on March 11, 1981, which is set forth in the appendix to this opinion as Exhibit A. The March 11, 1981 order provided in part:

"All persons in attendance at such meetings are ordered to maintain absolute confidentiality of all matters received, discussed or mentioned at any such meeting; and each such person is specifically directed to disclose nothing which is said or which occurs relating to any such meeting held under the auspices of this Court, to any other person except participants in such meetings and:" . . .

The order then lists the persons to whom disclosures could be made.

After the March 11, 1981 order was issued by Judge Parker, the plaintiffs herein filed a petition for a writ of mandamus, which is almost identical to that pending before this Court, with the Fifth Circuit Court of Appeals seeking to enjoin and set aside the order issued by Judge Parker. On May 11, 1981, the Fifth Circuit Court of Appeals rendered a decision on plaintiffs' petition for a writ of mandamus which is set forth in the appendix as Exhibit B. The decision rendered by the Fifth Circuit Court of Appeals stated:

"IT IS ORDERED that the petition for writ of mandamus is DENIED."

Thereafter, a motion to intervene was filed in the East Baton Rouge Parish school case by Parents for Neighborhood Schools, Inc. (NSI). In its motion to intervene, NSI challenged the constitutionality of the March 11, 1981 order issued by Judge Parker. A copy of this motion is set forth in the appendix as Exhibit C. On July 21, 1981, the East Baton Rouge Parish School Board filed a motion in the East Baton Rouge Parish school case which was entitled: "Motion of Defendant, East Baton Rouge Parish School Board, Requesting the Court to Recall and Set Aside All Orders Prohibiting the Parties From Discussing, Openly and Publicly, the Private Negotiations Conducted Under Order of the Court." (Appendix, Exhibit D). This motion set forth a detailed history of the negotiations and the Board's reasons why the prior order issued by Judge Parker should be set aside.

A hearing was held on July 31, 1981 on the motion to intervene filed by NSI and the motion filed by the School Board to set aside Judge Parker's order of March 11, 1981. Judge Parker, for oral reasons assigned, denied each of the motions. (Appendix, Exhibits E and F). The School Board then filed a notice of appeal on the order issued by Judge Parker on March 11, 1981 and on his decision rendered on July 31, 1981. (Appendix, Exhibit G). NSI has also filed an appeal of Judge Parker's decision denying it the right to intervene and to set aside the March 11, 1981 order. (Appendix, Exhibit H). Thus, the validity of Judge Parker's order issued on March 11, 1981 and his decision denying the Board's and NSI's motions to set aside the March 11, 1981 order are now before the Fifth Circuit Court of Appeals.

After the appeals were filed in the School Board case, the plaintiffs filed the suit now pending before this Court. As noted earlier, plaintiffs seek to have this Court declare that the order issued by Judge Parker on March 11, 1981 "be declared unconstitutional" and "be enjoined immediately".

## DISCUSSION

■ The plaintiffs seek to have the Court issue a declaratory judgment pursuant to 28

U.S.C. § 2201. The "Declaratory Judgment Act grants to trial courts a measure of discretion in determining whether or not to entertain a suit for declaratory relief even though jurisdiction is present." *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). Furthermore, a declaratory judgment action cannot be used as a substitute for an appeal, nor does it provide a means whereby previous judgments rendered by state or federal courts may be reexamined. *Chicago Pneumatic Tool Co. v. Hughes Tool Co.*, 61 F.Supp. 767 (D.Del.1945), affirmed, 156 F.2d 981 (3 Cir. 1946), cert. denied, 329 U.S. 781, 67 S.Ct. 204, 91 L.Ed. 670 (1946); *Shannon v. Sequeechi*, 365 F.2d 827 (10 Cir. 1966), cert. denied, 386 U.S. 481, 87 S.Ct. 1175, 18 L.Ed.2d 225, rehearing denied, 386 U.S. 1014, 87 S.Ct. 1354, 18 L.Ed.2d 452; *O'Callahan v. United States*, 293 F.Supp. 122 (D.C. N.J.1972). Thus, courts "will refuse to entertain a declaratory judgment action where the controversy has been settled by the decision of some other tribunal." *O'Callahan v. United States*, 293 F.Supp. at 123.

█ The Court believes that the plaintiffs in this suit are attempting to use the Declaratory Judgment Act to have this Court review the decisions rendered by Judge Parker and the Court of Appeals. This Court declines to do so. Whatever the plaintiffs have styled their action, plaintiffs' suit is nothing more than a horizontal appeal taken to a district court of another district court's decision and of a decision rendered by an appellate court. Such attempts to deliberately bypass the proper channels for appellate review shall not be tolerated or condoned by this Court.

28 U.S.C. § 1291 provides:

"Final decisions of district courts The Courts of Appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * * except where a direct review may be had in the Supreme Court."

Thus, the Court finds that it does not have jurisdiction to consider plaintiffs' appeal of Judge Parker's rulings. Jurisdiction to entertain an appeal from Judge Parker's orders lies with the Fifth Circuit Court of Appeals. And, as noted earlier, both the School Board and a parents' group have already appealed the very issue now before the Court to the Fifth Circuit Court of Appeals.

The Court's refusal to entertain this collateral appeal of a district judge's ruling is not only supported by the very clear language of 28 U.S.C. § 1291, but also by the jurisprudence. In *Watson v. Henderson*, 493 F.2d 912 (5 Cir. 1974), a state prisoner filed a writ of mandamus directing a judge to show cause why he had dismissed the prisoner's suit in a prior civil action. The Court of Appeals, in affirming the action of the district judge who had dismissed the suit, stated:

"Also, as the district judge found, it is not the function of a district judge to consider errors allegedly committed by another district judge in the performance of his duties. 28 U.S.C. § 1291. We perceive no error in the judgment below and accordingly the judgment below is affirmed." 493 F.2d at 913.

In *In re Braughton*, 520 F.2d 765 (9 Cir. 1975), the Ninth Circuit Court of Appeals provided:

"The refusal of another district judge (to whom the pending request for an exemplar was made) to turn the affidavit over to the witness and his counsel was likewise not an abuse of discretion. The second judge correctly refused to entertain a 'horizontal' appeal from the warrant issued by the first judge. * * * We find no basis in the proceedings below for a collateral attack on the manner in which the witness came before the grand jury." 520 F.2d 766–67.

In *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804 (9 Cir. 1963) the court stated:

"We think that, in the absence of changed circumstances, and except there be some other 'most cogent reason'; when a judge makes or denies an interlocutory order, and when an appeal lies, as of right, from such an order, it should not be reconsidered, even by the judge

who first made the order, much less by another district judge. *Orders of United States Courts, deliberately made, after proper notice and hearing, and subject to review by this court, are not to be lightly changed* by any *judge of the trial court.*" 316 F.2d at 810 (Emphasis supplied).

A similar result was reached in *Span East Airlines v. Digital Equipment Corp.*, 486 F.Supp. 831 (D.Mass.1980) wherein the court said:

"In the absence of some new arguments or evidence it would be inappropriate for one judge of this Court to reconsider the findings and rulings of another judge of this Court. Such review is the function of the Court of Appeals for the First Circuit to which defendants may appeal should they decide to do so some time in the future." 486 F.Supp. at 833.

In *In re Carmona*, 224 F.Supp. 497 (S.D. Cal.1963) the court noted:

"A further expression of this concept is found in the rule that where a judge has decided the effect of a particular document or transaction, a judge of coordinate jurisdiction should not, even in an entirely separate case, decide that the same document is of a different effect.

\* \* \* \* \* \*

Finally, this important principle has given rise to another rule, which is directly applicable to the case at hand. That is the rule that where a judge has decided a question of law in one manner a judge of co-ordinate jurisdiction should not normally undertake to decide it another way. This rule, based upon judicial comity as well as good judicial administration, is of great universality." 224 F.Supp. at 498.

See, also: *Dunscombe v. Loften*, 154 F.2d 963 (5 Cir. 1946); *In re Naturalization of Alcar*, 196 F.Supp. 564 (D.Hawaii 1961); *Rojas-Gutierrez v. Hoy*, 161 F.Supp. 448 (S.D.Cal.1958), affirmed, 267 F.2d 490 (9 Cir. 1959).

For a judge of coordinate jurisdiction to reverse a judgment of a fellow judge who tried the case, saw and heard the witnesses testify, and made his findings of fact and conclusions of law is to do disservice to the law and create disrespect for it. There simply must be an end to litigation. If the plaintiffs were to prevail in this litigation, it would mean that another group of plaintiffs could then file a suit against me in order to have my opinion overturned. When and where would this cycle of litigation end and what rule of law would be established for the litigants to follow. Such was and is not the intent of the drafters of Title 28 of United States Code who provided an orderly appellate process for litigants who wished to appeal decisions rendered by the lower and appellate courts.

Thus, the Court finds that it has no jurisdiction herein to review the order rendered by Judge Parker on March 11, 1981. The Court further finds that it has no jurisdiction to overturn the decision rendered by the Fifth Circuit Court of Appeals on May 11, 1981 on plaintiffs' request for a writ of mandamus. Decisions rendered by the Courts of Appeals may be reviewed by the Supreme Court of the United States in accordance with the procedures set forth in 28 U.S.C. § 1254. The plaintiffs have failed to avail themselves of these procedures. Plaintiffs have also apparently failed to ask the Fifth Circuit Court of Appeals for a rehearing or a rehearing en banc. Plaintiffs do seek to have a district judge overturn a prior decision rendered by a panel of Fifth Circuit Court of Appeals judges when another panel of judges on the very same Court of Appeals would not have jurisdiction to do so. In other words, it is the Fifth Circuit's "firm practice that one panel cannot overrule another panel's decision. This may be done only by the Court en banc." *Manning v. M/V "Sea Road"*, 417 F.2d 603, 611 (5 Cir. 1969). Therefore, the Court finds that the decision rendered by the Fifth Circuit Court of Appeals on May 11, 1981 on plaintiffs' claim is binding on the plaintiff and cannot be overturned by this Court.

The issue plaintiffs raise in this suit has been appealed by the School Board and by another group of citizens to the Fifth Circuit Court of Appeals. This Court must and does presume that the School Board, as

the elected representatives of the plaintiffs in this case, can adequately represent the plaintiffs before the Court of Appeals. There is a presumption of adequate representation where the party involved is a governmental body. A review of the complaint reveals no allegations that the plaintiffs cannot be adequately represented and protected by the School Board on the appeal before the Fifth Circuit. *Commonwealth of Pennsylvania v. Rizzo*, 530 F.2d 501 (3 Cir. 1976), cert. denied, 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976). Furthermore, the plaintiffs herein have an adequate remedy in the *Davis v. East Baton Rouge Parish School Board* case. They may file a motion to intervene in that case. They may also file amicus curiae briefs on the district and appellate court levels.

 Finally, the Court finds that under the facts of this case, Judge Parker is entitled to judicial immunity. Plaintiffs' prayer and the order attached to plaintiffs' complaint seek to have this Court order Judge Parker to show cause why his decision should not be overturned and set aside. The Court must presume that the plaintiffs intend to call Judge Parker to the witness stand and cross examine him on the reasons he gave for his decision. To allow such a procedure would set a dangerous precedent for the administration of justice in this country and would all but put an end to the appellate process and the need for appellate courts. It would also create a never-ending cycle of law suits at the trial court level with each suit having as a defendant the judge whose decision a party disagrees with. As early as 1872, the United States Supreme Court recognized that it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646 (1872). The need for such a rule was concisely stated by the United States Supreme Court in *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), wherein the Court stated:

"Disagreement with the action taken by the judge, however, does not justify depriving the judge of his immunity. Despite the unfairness to litigants that sometimes results, the doctrine of judicial immunity is thought to be in the best interest of the 'proper administration of justice . . . [, for it allows] a judicial officer in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself.' *Bradley v. Fisher*, 13 Wall., at 347. The fact that the issue before the judge is a controversial one is all the more reason that he should be able to act without fear of suit. As the Court pointed out in *Bradley*: 'controversies involving not merely great pecuniary interests, but the liberty and character of the parties, and consequently exciting the deepest feelings are being constantly determined in those courts, in which there is great conflict in the evidence and great doubt as to the law which should govern their decision. It is this class of cases which impose on the judge the severest labor, and often create in his mind a painful sense of responsibility." 98 S.Ct. at 1108.

It is well settled that judges have absolute immunity from liability for damages. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Stump v. Sparkman*, supra. The Supreme Court has not yet decided whether judges should be entitled to judicial immunity where a declaratory judgment and injunctive relief is sought. Thus, in *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980) the Court stated:

"However, we have never held that judicial immunity absolutely insulates judges from declaratory or injunctive relief with respect to their judicial acts. The Courts of Appeals appear to be divided on the question whether judicial immunity bars declaratory or injunctive relief; we have not addressed the question."

This Court finds that where a party seeks declaratory and injunctive relief against a

judge to overturn a decision rendered by the judge in another case wherein the party seeking the declaratory and injunctive relief was not a party, the judge is entitled to judicial immunity in the declaratory and injunctive suit. It would set a dangerous precedent to allow a person who disagreed with a decision rendered by a judge to file a suit against the judge. These dangers were recognized by the United States Supreme Court in 1872 when the Court stated in *Bradley v. Fisher*, supra:

"The truth of this latter observation is manifest to all persons having much experience with judicial proceedings in the superior courts. Controversies involving not merely great pecuniary interests, but the liberty and character of the parties and, consequently, exciting the deepest feelings are being constantly determined in those courts, in which there is a great conflict in the evidence and great doubt as to the law which should govern their decision. It is this class of cases which imposes upon the judge the severest labor, and often create in his mind a painful sense of responsibility. Yet it is precisely in this class of cases that the losing party feels most keenly the decision against him, and most readily accepts anything but the soundness of the decision in explanation of the action of the judge. Just in proportion to the strength of his convictions of the correctness of his own view of the case is he apt to complain of the judgment against him, and from complaints of the judgment to pass to the ascription of improper motives to the judge. When the controversy involves questions affecting large amounts of property or relates to a matter of general public concern, or touches the interests of numerous parties, the disappointment occasioned by an adverse decision often finds vent in imputations of this character, and from the imperfection of human nature this is hardly a subject of wonder. If civil actions could be maintained in such cases against the judge, because the losing party should see fit to allege in his complaint that the acts of the judge were done with partiality, or maliciously or corruptly, the protection essential to judicial independence would be entirely swept away. Few persons sufficiently irritated to institute an action against a judge for his judicial acts would hesitate to ascribe any character to the acts which would be essential to the maintenance of the action.

If upon such allegations a judge could be compelled to answer in a civil action for his judicial acts, not only would his office be degraded and his usefulness destroyed, but he would be subjected for his protection to the necessity of preserving a complete record of all the evidence produced before him in every litigated case, and of the authorities cited and arguments presented, in order that he might be able to show to the judge before whom he might be summoned by the losing party—and that judge perhaps one of an inferior jurisdiction—that he had decided as he did with judicial integrity; and the second judge would be subjected to a similar burden, as he in his turn might also be held amenable by the losing party." 13 Wall. at 348, 349, 20 L.Ed. at 649, 650.

For the reasons set forth above, the Court finds that plaintiffs' suit shall be dismissed at plaintiffs' cost with prejudice.

Judgment shall be entered accordingly.

## APPENDIX

### EXHIBIT A

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CLIFFORD EUGENE DAVIS, JR., ET AL. | CIVIL ACTION |
| | NUMBER 1662–A |
| VERSUS | |
| EAST BATON ROUGE PARISH SCHOOL BOARD, ET AL. | |

## ORDER

The Court having been fully advised, the following order is hereby issued as a supplement to the Court's verbal order dated

March 4, 1981, relating to discussions concerning a possible consent decree in this litigation:

(1) The parties to the litigation are directed to continue to meet with each other and to discuss issues with each other as set out in the Court's order of March 4, 1981.

(2) Until further notice by the Court, all such meetings and discussions will be held in the United States Courthouse, 707 Florida Street, Baton Rouge, Louisiana, at specific locations to be designated by the Court on a day-to-day basis.

(3) All persons in attendance at such meetings are ordered to maintain absolute confidentiality of all matters reviewed, discussed or mentioned at any such meeting; and each such person is specifically directed to disclose nothing which is said or which occurs relating to any meeting held under the auspices of this Court, to any other person except participants in such meetings and:

(a) The Court;

(b) The School Board staff personnel with whom it may be necessary for members to consult, each of whom is hereby made subject to this order in all respects;

(c) Other parties to the litigation who were not present at meetings, including plaintiffs-intervenors and all the members of their board of directors, the Baton Rouge Chapter of the National Association for the Advancement of Colored People, each of whom is hereby made subject to this order in all respects, and their attorney is hereby directed to deliver a copy of this order to each member personally;

(d) Other personnel in the Department of Justice of the United States with whom counsel of record may be required to consult, and each of whom is hereby made subject to this order in all respects.

The participants may, upon their concurrence and with approval of the Court, issue such written public statements concerning any of their meetings as may appear to them to be desirable, but each is ordered to make no further statement relating to the discussions or to the written public statement itself except in accordance with this order. Any such proposed written public statement shall be first delivered to the Court, which shall finally determine whether it will be made public.

Any violation of this order shall be treated as a contempt of the Court.

Baton Rouge, Louisiana, March 11, 1981.

/s/ John V. Parker
CHIEF JUDGE

EXHIBIT B

IN THE UNITED STATES COURT
OF APPEALS

FOR THE FIFTH CIRCUIT

No. 81–3256

May 11, 1981

IN RE:

PAUL BAIER, HELGARD BAIER, JOHN BERRY, CATHY BERRY, DONALD JOHNSON, CYNTHIA JOHNSON, MICHAEL PALMINTIER, LAURA PALMINTIER, REPRESENTING THEMSELVES AND OTHER SIMILARLY SITUATED PARENTS OF THE CHILDREN IN THE PUBLIC SCHOOLS OF EAST BATON ROUGE PARISH, Petitioners.

Appeal from the United States District Court for the Middle District of Louisiana

Before BROWN, POLITZ and TATE, Circuit Judges.

BY THE COURT:

IT IS ORDERED that the petition for writ of mandamus is DENIED.

EXHIBIT C

UNITED STATES DISTRICT COURT,

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLIFFORD EUGENE DAVIS, JR. ET AL | : | CIVIL ACTION |
| | : | |
| VS. | : | NUMBER 1662-A |
| | : | |
| EAST BATON ROUGE PARISH SCHOOL BOARD ET AL | : | |

## MOTION FOR LEAVE TO INTERVENE AS DEFENDANT

NOW INTO COURT through undersigned counsel comes and appears Parents for Neighborhood Schools Inc., a Louisiana Corporation whose members are the parents and/or guardians of children attending schools located in East Baton Rouge Parish. The corporation is authorized by the members and board of directors to represent the interests of those parents and others in the class who are not members of the corporation, and, on suggesting to the court that:

1.

Parents for Neighborhood Schools Inc. moves for leave of this court to intervene as a defendant in the above-entitled action to assert a defense set forth in its proposed answer attached hereto. In support of this motion to intervene, movant avers that its members and the class of persons they represent have been denied the right to participate in the deliberations of the parties to this suit, denied access to information vital to their interests and denied the right to confer with their elected representatives, in violation of their rights under the Constitutions and laws of the United States and the State of Louisiana.

2.

That by reason of the above and foregoing, this court cannot determine the controversy between the parties now before it without prejudice to the rights of movants; that full and complete justice cannot be done without the presence of movant's members as parties herein; that movant is a party necessary for a complete determination of the controversies herein.

3.

That the representation of movant's interests by existing parties is or may be inadequate to protect the constitutional and statutory rights of movant's members and movant will be bound by a judgment in the above entitled action in that the children of movant's members and the class they represent are those affected by the busing plan yet movant has been denied access to deliberations that might have averted the current order of this court.

4.

Movant asks for leave of court to intervene for the purposes of either a new trial on the merits with full participation of all necessary parties or, alternatively, to file and participate in the appeal process as a party defendant.

By Attorneys:

Rogers and Connelly,
604 St. Ferdinand Street,
Baton Rouge, La. 70802
By: /s/ Michael R. Connelly
Michael R. Connelly

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLIFFORD EUGENE DAVIS ET AL | : | CIVIL ACTION |
| | : | |
| VS. | : | NUMBER 1662-A |
| | : | |
| EAST BATON ROUGE PARISH SCHOOL BOARD ET AL | : | |

TO: Mr. Murphy Bell,
Attorney at Law,
P.O. Box 319,
Baton Rouge, La. 70821

Mr. Robert Williams,
Attorney at Law,
1822 N. Acadian Thruway,
Baton Rouge, La. 70802

Mr. Franz Marshall,
Attorney at Law,
Civil Rights Division,
Department of Justice,
Washington, D.C. 20530

Mr. Donald J. Beckner,
United States Attorney,
352 Florida Blvd.,
Baton Rouge, La. 70801

Mr. Boolus L. Bookaker,
Attorney at Law,
144 Maximillian Street,
Baton Rouge, La. 70802

Mr. John F. Ward Jr.
Attorney at Law,
Quad One Suite C,
1111 S. Foster Drive,
Baton Rouge, La. 70806

PLEASE TAKE NOTICE that movant Parents For Neighborhood Schools Inc. will bring on for hearing before the United States District Court, Middle District of Louisiana, at U.S. Courthouse, 707 Florida Street, Baton Rouge, Louisiana, at *10:00* o'clock A.M. on July 17, 1981, the attached

motions for leave to intervene and supersedeas.

By Attorneys:
Rogers and Connelly,
604 St. Ferdinand Street,
Baton Rouge, La. 70802
By: /s/ Michael R. Connelly
Michael R. Connelly

### CERTIFICATE

I hereby certify that a copy of the above and foregoing notice of motion and the attached motions and memorandum has been served on all parties by mailing same to their attorneys of record, postage prepaid this 1st day of July 1981.

/s/ Michael R. Connelly
Michael R. Connelly

EXHIBIT D

UNITED STATES DISTRICT COURT,

MIDDLE DISTRICT OF LOUISIANA

CLIFFORD EUGENE DAVIS, JR.,
ET AL.

AND

UNITED STATES OF AMERICA : CIVIL ACTION

VERSUS NO: 1662–B

EAST BATON ROUGE PARISH
SCHOOL BOARD, ET AL.

### MOTION OF DEFENDANT, EAST BATON ROUGE PARISH SCHOOL BOARD, REQUESTING THE COURT TO RECALL AND SET ASIDE ALL ORDERS PROHIBITING THE PARTIES FROM DISCUSSING, OPENLY AND PUBLICLY, THE PRIVATE NEGOTIATIONS CONDUCTED UNDER ORDER OF THE COURT

Defendants herein, the East Baton Rouge Parish School Board, respectfully move the Court to recall and set aside each and every order, whether written or verbal, that the Court may have issued which prohibits or restricts the right and ability of any party to this litigation, or any person or individual, or their agents, servants, or employees, from discussing openly, freely and publicly, any aspect of this litigation, including particularly any aspect of the private negotiations held between the parties under the direction, and auspices, of the Court pursuant to various written or verbal orders or directives of the Court issued March 4, 1981 and subsequent thereto. In support of such motion, defendants would show the following:

A. On March 4, 1981, the first day of trial in this matter, the Court issued the following directive and order from the Bench:

". . . For the foregoing reasons the Court now orders that each member of the East Baton Rouge Parish School Board, together with the Superintendent and such other staff personnel as the Board may desire shall, and of course with their attorneys, shall confer with representatives of the plaintiffs-intervenors and the department of justice and their attorneys at nine o'clock a.m. on Wednesday, March 11, 1981. That meeting will take place in this Court's chambers. It will be a private meeting. No one will be allowed in, except the people I have named.

Now, you may meet there for as long or as short a period of time as you desire, but you will not be permitted to leave until you have compiled a written listing of specific matters of difference between you for further discussion. The matters, of course, will relate to a desegregation plan to be implemented in the fall of 1981.

This list will be submitted to the Court and it will serve as your agenda for further discussion. You will meet again on Thursday, March 12, and on Friday, March 13. You may meet at such time or place as you desire for the subsequent meetings. My chambers will be open to you should you desire to continue your meetings there, but you will of course be free to meet at any place you choose. All that I require of you is that you meet and actually discuss the matters on the agenda which you will have prepared. If there can be no agreement among you on the first item, then you will put it aside

temporarily and go to the next item on the agenda, to see if you can come to some accommodation or meeting of the minds on that item, and then you will go on down the list.

Your conferences and communications with each other will continue on Monday, March 16 through Friday, March 20. Each of you is hereby ordered directly by this Court to attend each of these conferences on the dates that I have indicated even though there has been no resolution of any matter of difference between you. You are further ordered, each of you, to discuss these issues with each other. Your conferences, except for the first which I have indicated will be private, may be either open to the public, or private, at your option. If you choose to meet in private, I assure you that this Court will see to it that you are not disturbed or interfered with. The only parameters which the Court places upon your discussions, other than the agenda which I have outlined, is that you address the criteria set forth in this Court's opinion of September, I think it's the 11th, 1980. And of course you have to bear in mind that the first listed criterion in that opinion, quote, to achieve a unitary school system, close quote, shall be paramount. Now, not later than Tuesday, March 24, 1981, at ten o'clock a.m., you will report to this Court as to whether the preparation of a consent decree is probable or improbable. Thereafter, and obviously depending upon the nature of the report that you render to the Court, your conferences may or may not continue. However, should your efforts prove successful—and pary God they do—there must be a series of public hearings, or meetings, during which teachers, students, parents, and the public at large may be heard prior to the submission of a formal consent decree to the Court.

If this becomes necessary, the Court will establish a time-table and the details surrounding these meetings.

... Before we recess for the evening, I want to amend in some respects the order that I handed down when Court opened today relative to the East Baton Rouge Parish School Board. I recognize that public officials have problems that are perhaps peculiar to public officials and that private litigants do not have.

Accordingly, the order that I handed down this afternoon is hereby amended so that the members of the East Baton Rouge Parish School Board are hereby ordered and directed between now and the date of the first conference which I have ordered to meet among themselves privately, to discuss among themselves in private the issues of this litigation and possibly resolution of this litigation, to informally poll and vote among themselves as to various possible courses of action. They are further authorized to meet in my chambers for these private sessions, and they will be under the auspices of this Court, and this Court will protect and defend them against all who might seek to interfere with them. All they need to do is to let me know when they want to meet and I will arrange an appropriate meeting place in this Courthouse." (Transcript of the comments of the Court delivered in open Court at the commencement of the trial in the above entitled and numbered cause, delivered in open Court on Wednesday, March 4, 1981, at Baton Rouge, LA, pages 13–15, 17).

All of such negotiating sessions were ultimately held in private under the auspices of the Court in the Federal Courthouse through the middle of April, 1981 when the parties ultimately concluded that further negotiations would prove fruitless and same were terminated by the Court.

B. During the period of these negotiations, the Court reemphasized its order prohibiting discussion of such negotiations by either verbal or written orders on several occasions. For example, on March 11, 1981 the Court issued an order which read in pertinent part as follows:

"... (3) All persons in attendance at such meetings are ordered to maintain confidentiality of all matters reviewed, discussed or mentioned at any such meeting; and each such person is specifically

directed to disclose nothing which is said or which occurs relating to any meeting held under the auspices of this Court, to any other person except participants in such meetings and:

(a) The Court;

(b) The School Board staff personnel with whom it may be necessary for members to consult, each of whom is hereby made subject to this order in all respects.

(c) . . .

(d) . . .

The participants may, upon their concurrence and with the approval of the Court, issue such written public statements concerning any of their meetings as may appear to them to be desirable, but each is ordered to make no further statement itself except in accordance with this order. Any such proposed written public statement shall be first delivered to the Court, which shall finally determine whether it will be made public.

Any violation of this order shall be treated as a contempt of court."

Again, on April 16, 1981, when such private negotiating sessions were finally terminated by the Court, a written order was issued by the Court which also read in pertinent part as follows:

". . . The Court having been informed by representatives of the defendant School Board that discussions ordered by the Court relating to a possible consent decree have proved fruitless, such discussions are hereby terminated.

All parties are reminded that the Court's order of March 11, 1981, particularly paragraph (3) thereof relating to the confidentiality of discussions regarding a possible consent decree, remains in effect and that any violation of that order would constitute contempt of the court and will be dealt with as such."

In addition to the above written orders prohibiting any of the parties or their agents, servants, employees, or attorneys, from commenting on the private negotiating sessions, or discussing what took place during such discussions, the Court on several occasions verbally reminded the parties of the prohibition against discussing such negotiations, and on other occasions warned counsel for the parties to be sure that their clients complied with such prohibition and orders under threat of being cited for contempt.

Toward the end of such negotiations, the Court verbally amplified such prohibition to make it clear that the prohibition against discussing or revealing what transpired during the negotiations was a permanent prohibition to remain in effect forever.

C. Two of the parties to this litigation are public bodies representing different segments of the government and citizens of this country and this state. One is the United States of America represented by the Department of Justice. The other is the East Baton Rouge Parish School Board, a political subdivision of the State of Louisiana.

Section 3 of Article XII of the Constitution of the State of Louisiana and L.R.S. 42:4.1–12 of the statutes of the State of Louisiana require the East Baton Rouge Parish School Board to hold its official meetings, and conduct its official business, publicly and in the open, except for the few limited exceptions established in L.R.S. 42:6 and 6.1.

Article XII Section 3 of the Louisiana Constitution reads as follows:

"No person shall be denied the right to observe the deliberations of the public bodies and examine public documents, except in cases established by law."

Pertinent portions of L.R.S. 42:4.1–12 read as follows:

"Section 4.1 Public policy for open meetings; liberal construction

It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 42:10 shall be construed liberally.

\* \* \* \* \* \*

Section 5 Meeting of public bodies to be open to the public

A. Every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6 and R.S. 42:6.1.

B. Each public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:4.1 through R.S. 42:8.

C. All votes made by persons in a representative capacity shall be by viva voce and shall be recorded in the minutes."

Defendants respectfully submit that the orders of this Court which prohibit the School Board, its individual members, and their agents, servants, employees and attorneys, from openly, freely and publicly discussing such negotiations and what transpired in such negotiating sessions violates their rights and prevents them from fulfilling their obligations to the citizens of this state and parish under the aforementioned provisions of the Constitution and statutes of the State of Louisiana. Neither the constitutional provision nor the statutes have ever been held unconstitutional or invalid by any court and have not been held invalid or unconstitutional by this Court.

Therefore, defendants respectfully suggest that the prior orders of this Court referred to herein are inappropriate, contrary to the aforementioned statutes and constitutional provision, restrict the ability of defendants to carry out their duties and responsibilities under the statutes and constitutional provisions, are beyond the jurisdiction and authority of the Court, and should be recalled and set aside.

D. Not only do the orders referred to herein restrict the ability of defendants to properly perform their duties and responsibilities under the laws of Louisiana, they also violate the rights of all other citizens of this parish and state under such constitutional and statutory provisions by having prevented them from observing the deliberations of this public body. Furthermore, the permanency of the Court's orders continues to prevent the citizens of this parish

and state from finding out or knowing what their elected representatives, or the representatives of the other parties to this litigation, did or said during the attempted negotiation of this most important public issue.

For this reason also, defendants respectfully submit that the orders of the Court referred to herein are inappropriate, beyond the authority and jurisdiction of the Court, and should be recalled and set aside.

E. In addition to the above, defendants respectfully submit that the Court's orders referred to herein are inappropriate and beyond the jurisdiction and authority of the Court as being in violation of the right of free speech guaranteed the individual members of the School Board and their employees, agents, and attorneys by the First Amendment to the United States Constitution. There can be no doubt but that the orders of the Court referred to herein constitute both a prior and permanent restraint upon the exercise of free speech guaranteed by said first amendment.

Wherefore, defendants respectfully suggest that the orders of the Court referred to herein are inappropriate, in violation of the First Amendment to the Constitution of the United States, beyond the authority and jurisdiction of the Court and should be recalled and set aside.

## CONCLUSION

For the above and foregoing reasons, defendants respectfully move the Court to recall and set aside all orders of the Court, whether written or verbal, which prohibit, restrict, or restrain any of the parties to this litigation, their employees, agents, and attorneys, or any individual or person, from discussing openly, freely and publicly any aspect of this litigation including particularly the private negotiations between the parties which occurred at the direction, and under the auspices, of the Court or anything that was said or done by any person who participated in such negotiations.

Respectfully submitted,
JOHN F. WARD, JR.
ROBERT L. HAMMONDS
1111 South Foster Drive, Suite C
P.O. Box 65236
Baton Rouge, LA 70896
(504) 923–3462

/s/ John F. Ward, Jr.
JOHN F. WARD, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion and Notice of Motion has this day been hand delivered to the U.S. Attorney, 352 Florida Street, Baton Rouge, LA 70821 and Mr. Robert C. Williams, Attorney, 1822 N. Acadian Thruway (W), Baton Rouge, LA 70802 and mailed to Mr. Franz R. Marshall, Civil Rights Division, Department of Justice, Washington, D.C. 20530.

BATON ROUGE, LOUISIANA this 21st day of July, 1981.

/s/ John F. Ward, Jr.
JOHN F. WARD, JR.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLIFFORD EUGENE DAVIS, JR.,
ET AL.

AND

UNITED STATES OF AMERICA : CIVIL ACTION

VERSUS NO: 1662–B

EAST BATON ROUGE PARISH
SCHOOL BOARD, ET AL.

### NOTICE OF MOTION

TO: ROBERT C. WILLIAMS
 1822 North Acadian Thruway (W)
 Baton Rouge, LA 70802

 COUNSEL FOR PRIVATE PLAINTIFFS

 DONALD L. BECKNER, UNITED STATES ATTORNEY
 MICHAEL HILL, ASSISTANT UNITED STATES
 ATTORNEY
 United States Attorney's Office
 352 Florida Street
 Baton Rouge, LA 70821

 AND

 FRANZ R. MARSHALL
 SANDRA LYNN BEBER
 Attorneys, Civil Rights Division
 Department of Justice
 Washington, D.C. 20530

 ATTORNEYS FOR THE UNITED STATES OF
 AMERICA

Please take notice that defendants will bring the attached Motion on for hearing before the United States District Court for the Middle District of Louisiana at the Federal Courthouse, 707 Florida Street, Baton Rouge, Louisiana at 10 o'clock a. m. on July 31, 1981 or as soon thereafter as counsel can be heard.

BATON ROUGE, LOUISIANA this 21st day of July, 1981.

/s/ John F. Ward, Jr.
JOHN F. WARD, JR.
ROBERT L. HAMMONDS
1111 South Foster Drive, Suite C
P.O. Box 65236
Baton Rouge, LA 70896
(504) 923–3462

COUNSEL FOR DEFENDANTS

EXHIBIT E

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MINUTE ENTRY:
JULY 31, 1981
PARKER, C.J.

CLIFFORD EUGENE DAVIS,
ET AL
 CIVIL ACTION
versus
 NO. 1662–A
EAST BATON ROUGE PARISH
SCHOOL BOARD, ET AL

This cause came on this day for hearing on the motion by defendant requesting the Court to recall and set aside all orders prohibiting the parties from discussing, openly and publicly, the private negotiations conducted under order of the Court.

PRESENT: Robert Williams, Esq.
 Attorney for NAACP
 Franz Marshall, Esq.
 Attorney for U.S.A.
 John F. Ward, Jr., Esq.
 Attorney for defendant

Counsel present their arguments to the Court.

For the reasons read into the record, the Court orders that this motion be denied.

* * * * * *

Champion/rep

EXHIBIT F

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MINUTE ENTRY:
JULY 31, 1981
PARKER, C.J.

CLIFFORD EUGENE DAVIS,
ET AL

versus

EAST BATON ROUGE PARISH
SCHOOL BOARD, ET AL

CIVIL ACTION

NO. 1662-A

This cause came on this day for hearing on the motion to intervene as a defendant and for stay filed by the Parents for Neighborhood Schools.

PRESENT: Robert Williams, Esq.
 Attorney for NAACP
 Franz Marshall, Esq.
 Attorney for U.S.A.
 John F. Ward, Jr., Esq.
 Attorney for defendants
 Michael R. Connelly, Esq.
 Attorney for Neighborhood Schools

Counsel present their arguments to the Court.

For the reasons read into the record, the Court orders that the motion to intervene as a defendant and the motion for stay are hereby denied.

\* \* \* \* \* \*

Champion/rep

EXHIBIT G

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLIFFORD EUGENE DAVIS, JR.,
ET AL.

AND

UNITED STATES OF AMERICA : CIVIL ACTION

VERSUS NO: 1662-A

EAST BATON ROUGE PARISH
SCHOOL BOARD, ET AL.

Aug. 5, 1981

## NOTICE OF APPEAL

Notice is hereby given that the East Baton Rouge Parish School Board, et al., defendants herein, hereby appeal to the United States Court of Appeals for the Fifth Circuit from the final judgment entered in this action on May 13, 1981, incorporating therein the Court's findings, conclusions and desegregation plan of May 1, 1981, and all other subsequent judgments or orders of the Court related thereto including particularly, the Court's judgment of June 12, 1981 denying defendants' Motion for a New Trial as well as its orders of March 11, 1981; April 16, 1981; May 12, 1981; June 12, 1981; July 2, 1981; July 31, 1981.

By Attorneys for the East Baton Rouge Parish School Board
JOHN F. WARD, JR.
ROBERT L. HAMMONDS
1111 South Foster Drive, Suite C
P.O. Box 65236
Baton Rouge, LA 70896
(504) 923-3462
/s/ John F. Ward, Jr.
JOHN F. WARD, JR.

EXHIBIT H

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLIFFORD EUGENE DAVIS JR. CIVIL ACTION
ET AL.
 NO: 1662-A
AND

UNITED STATES OF AMERICA

VERSUS

EAST BATON ROUGE PARISH
SCHOOL BOARD ET AL.

## NOTICE OF APPEAL

Notice is hereby given that Parents for Neighborhood Schools Inc., a Louisiana Corporation, which is attempting to intervene as defendants herein and obtain a stay of the District Court's final judgment of May 13, 1981, incorporating therein the Court's findings, conclusions and desegration plan of May 1, 1981, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the order by the District Court of the 31st day of July, 1981, denying the

motions of Parents for Neighborhood Schools Inc.

By Attorneys for Parents for Neighborhood Schools Inc.
Jack N. Rogers
Michael R. Connelly,
604 St. Ferdinand Street,
Baton Rouge, La. 70802
(504) 344–4369
By: /s/ Michael R. Connelly
Michael R. Connelly

### CERTIFICATE

I certify that a copy of the foregoing notice of appeal has been served on all parties by mailing same, postage prepaid to their counsel of record, John F. Ward Jr., 1111 South Foster Drive, Suite C, P.O. Box 65236, Baton Rouge, Louisiana, 70896, Robert C. Williams, 1822 North Acadian Thruway, West Baton Rouge, Louisiana, 70802, Franz Marshall, Civil Rights Division, Department of Justice, Washington, D.C. 20530, this 14th day of August, 1981.

/s/ Michael R. Connelly
Michael R. Connelly