**Robert Samuel STRAUSS, Petitioner-Appellant,**

v.

**James J. MOOS, U. S. Marshall, Southern District of Illinois, and Joseph N. Shore, U. S. Parole Board, Respondent-Appellees.**

No. 16733.

United States Court of Appeals
Seventh Circuit.

June 26, 1968.

Rehearing Denied July 15, 1968.

Robert S. Strauss, pro se.

Richard E. Eagleton, U. S. Atty., Frank J. Violanti, Asst. U. S. Atty., Springfield, Ill., for appellee.

Before CASTLE, Chief Judge, DUFFY, Senior Circuit Judge, and HASTINGS, Circuit Judge.

CASTLE, Chief Judge.

The petitioner-appellant, Robert Samuel Strauss, appearing pro se, prosecutes this appeal from an order of the District Court denying his petition for a writ of habeas corpus. The record discloses that on October 24, 1967, after hearing oral argument in which petitioner's then counsel participated, but without conducting an evidentiary hearing, the court denied the petition and remanded the petitioner to custody.

Insofar as it is pertinent to the issue presented on appeal the petition alleges that on October 25, 1962, the petitioner was sentenced by the United States District Court for the Northern District of Illinois, Eastern Division, to a five year term of imprisonment; that he was confined in the United States Penitentiary, Terre Haute, Indiana, until January 21, 1965, when he was released on parole; that he is detained in the custody of the respondent, James J. Moos,[1] as a federal prisoner pursuant to an administrative parole violation warrant issued by the United States Parole Board over the signature of Joseph N. Shore, Parole Executive, under date of June 19, 1967, and served on petitioner October 3, 1967; that the application for such warrant, attached to the petition as an exhibit, "fails to set forth any facts sufficient to revoke the parole of petitioner"; and that as of October 24, 1967, petitioner has served the sentence imposed on him and entitled to be released.

Petitioner contends, in substance and effect, that the application for the warrant fails to charge a violation of a specific condition of parole and, therefore, the warrant based and issued thereon is unauthorized and invalid. And, that by virtue of the requirements of 18 U.S.C.

1. The petitioner has since been returned to and is confined in the penitentiary.

A. § 4205, absent a valid parole violation warrant issued prior to the expiration of the period of his five year sentence the retaking of the petitioner for detention is unauthorized and illegal.

Section 4205 provides that a warrant for the retaking of a parolee for violation of parole "may be issued only * * within the maximum term or terms for which he was sentenced". When he is returned to the custody of the Attorney General under a warrant so issued "[t]he unexpired term of imprisonment of any such prisoner shall begin to run" from the date of such return "and the time the prisoner was on parole shall not diminish the time he was sentenced to serve".

Thus, petitioner urges, that if the warrant issued for the petitioner on June 19, 1967, is invalid for lack of specificity in the supporting application with respect to the condition of parole allegedly violated his detention and incarceration for the remainder of his five year term is unauthorized. He asserts such lack of specificity, and it is on that basis that he contends the court erred in denying his petition and refusing to order his release from custody.

But an examination of the warrant application, a copy of which is attached to the petition, discloses that contrary to the petitioner's contention it sets forth in detail as to event, place, names and date the parole violation on which issuance of the warrant is grounded. It was a condition of petitioner's parole that, among other things, he "commit no crime". The warrant application recites that petitioner was arrested for burglary in Chicago, Illinois, on November 10, 1966; that based on a report by Sgt. McCarthy of the Chicago Police Department the arrest occurred at about 1:30 p. m. when, after petitioner and a companion had been observed by Chicago detectives to enter an apartment building at 647 Sheridan Road empty handed, he and the companion, Ted Kaufmann, alias Theodore Owens, emerged a short time later with a shopping bag which they placed in the trunk of the petitioner's car; that the bag contained a mink stole identified by a resident of the building, a Miss Helen Good, as having been stolen from her apartment, No. 601; that petitioner was indicted by the Grand Jury on November 21, 1966, and released on bond; and that on appearance in the Criminal Court of Cook County, Illinois, on June 1, 1967, petitioner was granted a continuance until August 14, 1967.

The application specified the criminal charge and set forth the circumstances thereof in detail. A copy of the application was attached to the warrant served on the petitioner. He was thus supplied with the information necessary to apprise him of the grounds for the alleged violation of parole and that information was furnished with such specificity as to event, place, date and names as would enable him to meet the claim that he had violated a condition of parole. Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 245.

On the face of the petition and the exhibits attached thereto the petitioner was not entitled to habeas corpus relief. Consequently, there was no need for an evidentiary hearing. And, the District Court did not err in denying the petition.

The judgment order of the District Court is affirmed.

Affirmed.