417 F.2d 132
 Robert L. STRAUSS, Petitioner-Appellant,
v.
P. G. SMITH, Warden U. S. Penitentiary, Terre Haute, Indiana, and Joseph Shore, United States Parole Board, et al., Respondents-Appellees.
Robert L. STRAUSS, Petitioner,
v.
Honorable S. Hugh DILLIN, U. S. District Judge, Respondent.
 No. 16881.
 No. 17203.
 United States Court of Appeals Seventh Circuit.
 September 8, 1969.
 
 Elmer Gertz, Wayne B. Giampietro, Chicago, Ill., for petitioner-appellant.
 K. Edwin Applegate, U. S. Atty., Joel M. Friedman, Asst. U. S. Atty., Indianapolis, Ind., for respondents-appellees.
 Before MAJOR, Senior Circuit Judge, and SWYGERT and KERNER, Circuit Judges.
 KERNER, Circuit Judge.
 
 
 1
 The petitioner, Robert Strauss, filed two applications for a writ of habeas corpus in the district court, one on November 9, 1967 and the other on July 29, 1968. In No. 16881 the application for a writ was denied and petitioner appeals. In No. 17203 petitioner sought to mandamus Judge Dillin for failure to act on his second application for a writ. Subsequently, Judge Dillin denied petitioner's application for a writ of habeas corpus and the mandamus was construed as an appeal from the denial of the habeas corpus writ and was consolidated with No. 16881.
 
 
 2
 On October 27, 1960, petitioner was sentenced for mail fraud by the United States District Court for the Northern District of Illinois to a term of five years and was placed on probation. The court revoked probation on October 25, 1962 and petitioner was incarcerated until January 21, 1965 when he was paroled with one-thousand-six (1006) days of his sentence served. Some of the conditions of parole were that Strauss remain in Southern Illinois until October 24, 1967 and that he commit no crime nor be associated "with persons having a criminal record, bad reputation, nor with those engaged in questionable occupation."
 
 
 3
 On June 19, 1967 a warrant was issued for the arrest of Strauss for violation of the conditions of parole. The application for the warrant included a statement that petitioner was arrested in the possession of stolen goods at the scene of a robbery in Chicago, Illinois. On September 19, 1967 a second application for revocation of parole was filed charging that petitioner was arrested for conspiring with another federal probationer to perpetrate larceny by check-fraud schemes in Springfield, Illinois. A new warrant based on the second application was not issued. Petitioner was arrested on October 3, 1967 pursuant to the warrant of June 19, 1967. On October 24, 1967 petitioner was transferred to the United States Penitentiary at Terre Haute, Indiana, where he remains.
 
 No. 16881
 
 4
 Robert Strauss filed a petition for a writ of habeas corpus in the district court on November 9, 1967. The district court on November 28, 1967 ordered the Warden of the United States Penitentiary at Terre Haute and the Parole Board to show cause why the writ should not be granted. Respondents filed a motion to dismiss on December 26, 1967. The district court held a hearing on January 28, 1968 and on February 21, 1968 the court granted a motion for summary judgment in favor of respondents. Petitioner appeals from the granting of this motion.
 
 
 5
 Petitioner first contends that he was denied due process because of delay in processing the application for the writ and for failure to grant a hearing as required by 28 U.S.C. § 2243. While § 2243 provides that an order to show cause is returnable in three days, with a possible extension of another twenty days, petitioner was not prejudiced by delay since the parties agreed to postpone a hearing until after the Parole Board held a hearing on the revocation of Strauss' parole.
 
 
 6
 Section 2243 also provides: "The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." Petitioner complains that he was not given an opportunity to present evidence and as a result the court improperly turned respondent's motion to dismiss into a motion for summary judgment. At the hearing petitioner was present and was given every opportunity to present his evidence. Counsel for petitioner told the court that the only issue was the validity of the warrant and that all the evidence was before the court. Section 2243 does not require an extensive hearing but instead requires a determination on the facts before the court. The district court having before it documentary evidence properly granted summary judgment for respondent. It is not necessary that a letter from the Chief Probation Officer to the United States Parole Board written prior to the filing of the application for a writ be accompanied by an affidavit in the absence of any evidence to the contrary. 28 U.S.C. § 2247.
 
 
 7
 In Hyser v. Reed, 115 U.S.App. D.C. 254, 318 F.2d 225 (1963), the court held that the preliminary interview after arrest provided for in the Parole Board's regulations must be held near the place where the parole violations occurred. Strauss contends that such an interview did not take place. The district court found that petitioner was read and given Form 59(a) which advised him of his right to a preliminary interview. Petitioner refused to fill out the form. A copy of Form 59(a) was also given to counsel for Strauss. Counsel discussed Form 59(a) with petitioner but Strauss still refused to complete the form. Strauss does not allege that he filled out Form 59(a) but merely says that he was denied a local interview. Under these facts the district court properly found that petitioner waived his right to a preliminary interview in the locale of the parole violations. See Phillips v. United States Board of Parole, 122 U.S.App. D.C. 235, 352 F.2d 711 (1965).
 
 
 8
 Petitioner also attacks the validity of the warrant of June 19, 1967 because of the delay from the time of the arrest on the robbery charge on November 10, 1966 until the issuance of the parole revocation arrest warrant. This court in Strauss v. Moos, 399 F.2d 1022 (7th Cir. 1968), upheld the validity of the warrant but did not specifically refer to this issue. The delay in the issuance of the warrant was a result of a continuance granted by the Criminal Court of Cook County, Illinois in the criminal case and we do not think the petitioner was prejudiced.
 
 No. 17203
 
 9
 Strauss filed an application for a writ of habeas corpus on July 29, 1968. On October 2, 1968 the district court granted summary judgment for respondent.
 
 
 10
 Petitioner contends that he was not served with a proper warrant revoking his parole prior to the expiration of his sentence. The Parole Board did not rely on the charges contained in the warrant application of June 19, 1967 but rather on the charges contained in the application of September 19, 1967. However, a warrant based on the application of September 19, 1967 was not issued by the Board of Parole or a member thereof as required by 18 U.S.C. § 4205. Therefore, according to petitioner the revocation cannot be based upon the fraudulent check scheme or the association with a federal probationer.
 
 
 11
 In Johnson v. Chappell, 117 U.S. App.D.C. 190, 327 F.2d 888 (1964), the court held that a parole revocation could be based on evidence not contained in the original arrest warrant. Johnson was further explained in Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567, 573 n. 8 (1967), where the court distinguished Johnson by saying that in Johnson the petitioner had sufficient notice that the evidence would be used against him at the revocation hearing. We conclude from these cases that the Parole Board need not issue a second warrant embodying the new evidence but need only give the parolee sufficient notice in order that a proper defense may be presented.
 
 
 12
 Here, the district court found that Strauss was notified as to all the charges of the parole violation. He was shown a copy of the warrant application of September 19, 1967 which read:
 
 
 13
 On 9-14-67 the Chief USPO of Springfield, Illinois advised Strauss while in association with a Federal Probationer, from the Southern District of New York, while in his District, Southern Illinois, was arrested with Thadeus M. Orhynowicz, the probationer in Springfield on charges of Conspiracy to Perpetrate Larceny by Fraud-check schemes. Full details are noted in the police arrest report. In essence, using phoney checks prepared on checkwriter equipment, typewriters and using alias names and false companies they sought to establish accounts in banks which were after initial investment in cash, inflated by false checks and sought to draw out cash on these false checks after withdrawing the invested cash.
 
 
 14
 Strauss was identified by Bank personnel. The equipment was found in the auto that Strauss and Orhynowicz were using.
 
 
 15
 In Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 243 (1963), the court said: "The arrest warrant should contain, or have appended to it the application reciting, the reasons why parole revocation is sought with reasonable specificity to inform the parolee of the alleged grounds and enable him to meet and answer them if he so elects." While the second application for warrant may not have been attached to the warrant served on petitioner, the evidence supports the district court's conclusion that petitioner had sufficient notice that his association with a federal probationer would be a basis for his parole revocation. Therefore, a revocation based on the charges in the application of September 19, 1967 was proper even though a new warrant was not issued.
 
 
 16
 For the foregoing reasons, we affirm.