**Earl C. DIAMOND, Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA, Respondent,**

and

**United States of America, Real Party in Interest.**

No. 81–7691.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 28, 1981.

Decided Nov. 2, 1981.

Thomas J. Lannen, Los Angeles, Cal., for petitioner.

Laurie L. Levenson, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

ORDER

Before NELSON and REINHARDT, Circuit Judges.

Petitioner filed a petition for writ of mandamus on October 14, 1981 seeking review of the district court's order of September 29, 1981. By that order, the district court denied petitioner's motion for leave to file a late notice of appeal from its earlier order denying his motion to dismiss the indictment on the ground of double jeopardy.

■ We may not accept mandamus jurisdiction over a matter subject to direct appeal. *See Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979). Thus, the initial question is whether the September 29, 1981 order is subject to direct appeal or to review by mandamus only.

■ This Court has not previously addressed the issue whether an order denying a motion to file a late notice of appeal is itself appealable. However, we have little difficulty in concluding that such an order is appealable under 28 U.S.C. § 1291. *See Matter of Orbitec Corporation*, 520 F.2d 358, 360 (2d Cir. 1975). Such orders are appealable whether the motion seeks leave to file a late appeal from a final judgment or from an order which falls within the collateral order exception, *see Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Here, the latter type of order is involved. Consequently, we hold that direct appeal, and not mandamus, is the proper means of obtaining review of the district court's order.

■ We could, of course, construe petitioner's mandamus petition as a notice of appeal, and would, under the circumstances, ordinarily do so. However, a notice of appeal must be filed within ten days, *United States v. Ajimura*, 598 F.2d 510 (9th Cir. 1979), unless the district court extends the time for filing the notice, *See* Fed.R.App.P.

4(b). Petitioner did not file his mandamus petition until fifteen days after the order was entered. Since he elected to pursue mandamus, he did not seek leave from the district court to file a late appeal. Accordingly, were we to construe the mandamus petition as a notice of appeal, the notice would not now be timely. For that reason, we decline to do so.

We express no view as to the district court's refusal to permit petitioner to file a late notice of appeal from its order denying his motion to dismiss the indictment. We note, however, that petitioner's argument that the district court abused its discretion in denying him that permission raises serious and troublesome questions.

The petition for a writ of mandamus is denied. The stay previously entered by this Court is dissolved.