745 F.2d 161
 39 Fed.R.Serv.2d 1501
 In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION (MDL No. 381).
Michael F. RYAN, et al., Plaintiffs,
v.
DOW CHEMICAL COMPANY, et al., Defendants, Third-Party
Plaintiffs, Appellees,
v.
UNITED STATES of America, Third-Party Defendant, Appellant.
 No. 1469, Docket 84-6139, MDL 381.
 United States Court of Appeals,
Second Circuit.
 Argued June 22, 1984.
Decided Sept. 21, 1984.
As Amended Oct. 3, 1984.
 
 B. Wayne Vance, Deputy Asst. Atty. Gen., Civ. Div., Dept. of Justice, Washington, D.C. (Richard K. Willard, Acting Asst. Atty. Gen., Civ. Div., Dept. of Justice, Washington, D.C., Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., Robert E. Kopp, Robert S. Greenspan, Marc Richman, Harold J. Krent, Appellate Staff, Civil Div., Dept. of Justice, Joan M. Bernott, Sp. Litigation Counsel, Torts Branch, Dept. of Justice, Washington, D.C., of counsel), for third-party defendant, appellant U.S.A.
 Leonard L. Rivkin, Garden City, N.Y. (Rivkin, Leff, Sherman & Radler, Garden City, N.Y., of counsel), for defendants, third-party plaintiffs, appellees Dow Chemical Co., et al.
 Philip D. Pakula, New York City (Townley & Updike, New York City, of counsel), for defendant-appellees Monsanto Co.
 Kelley, Drye & Warren, New York City, for defendant-appellee Hercules, Inc.
 Cadwalader, Wickersham & Taft, New York City, for defendant-appellee Diamond Shamrock Chemicals Co.
 Clark, Gagliardi & Miller, White Plains, N.Y., for defendant-appellee T H Agriculture & Nutrition, Inc.
 Shea & Gould, New York City, for defendant-appellee Uniroyal Inc.
 Arthur, Dry & Kalish, New York City, for defendant-appellee Uniroyal Inc.
 Edwin R. Matthews, Newark, N.J. (David R. Gross, Budd, Larner, Kent, Gross, Picillo & Rosenbaum, P.C., Newark, N.J., of counsel), for defendant-appellee Thompson Chemicals Corp.
 David J. Dean, Carle Place, N.Y. (Philip E. Brown, San Francisco, Cal., Stanley M. Chesley, Cincinnati, Ohio, Thomas W. Henderson, Pittsburgh, Pa., Gene Locks, Philadelphia, Pa., Benton Musselwhite, Houston, Tex., Stephen J. Schlegel, Chicago, Ill., Newton B. Schwartz, Houston, Tex., Edward F. Hayes, III, New York City, of counsel), for plaintiffs-intervenors.
 Before MESKILL, KEARSE and CARDAMONE, Circuit Judges.
 CARDAMONE, Circuit Judge:
 
 
 1
 This is yet another chapter in the "Agent Orange" litigation and presents as a threshold question whether the government may pursue an interlocutory appeal from a ruling of the United States District Court for the Eastern District of New York (Weinstein, Ch. J.) under the "collateral order" rule of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (Cohen). Because the answer to this procedural question is "no," we need not address the substantive issues.
 
 
 2
 * Although the procedural history of this case is amply set forth in our previous opinion, In re United States, 733 F.2d 10 (2d Cir.1984), we reiterate some pertinent facts for purposes of clarity. The primary action in this case was one by veterans of the armed forces against manufacturers of "Agent Orange" and other herbicides used by the United States Government during the Vietnam Era. The wives and children of the veterans also filed claims for direct and derivative injuries they suffered, resulting from the use of this chemical. Various chemical companies that manufactured the offending substance brought third party claims against the government. These third party claims were dismissed by the district court in a pretrial ruling pursuant to Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). See In re "Agent Orange" Product Liability Litigation, 506 F.Supp. 762 (E.D.N.Y.1980), pet'n for rearg. denied, 534 F.Supp. 1046 (E.D.N.Y.1982) (Pretrial Order 26). After the case was reassigned to Chief Judge Weinstein in October 1983 pursuant to an order of the Judicial Panel on Multidistrict Litigation, on Chemical Companies' motion he reconsidered Pre-trial Order No. 26 and granted the government's motion to dismiss the Chemical Companies' third-party complaint as to the claims by the veterans and the "derivative" claims of their family members. However, he denied the government's motion to dismiss the third-party action as to the "independent" claims of the veterans' wives and children. 580 F.Supp. 1242 (E.D.N.Y.1984) (Pretrial Order 91). Upon the district court's refusal to reconsider its decision, the government filed a petition for mandamus as well as a notice of appeal in the district court.
 
 
 3
 In its mandamus application the government unsuccessfully sought to have us vacate Pretrial Order 91 and restore Pretrial Order 26. In re United States, supra, 733 F.2d at 12-13. In an opinion filed on April 13 we summarily rejected the government's suggestion--made for the first time at oral argument, but subsequently addressed by both sides in supplemental letters filed pursuant to Fed.R.App.P. 28(j)--that the petition be treated as a plenary appeal under Cohen. We found that Pretrial Order 91 "did not decide an independent controversy," which the Cohen doctrine explicitly requires. In addition, the opinion noted that all points asserted at that time by the government could be fully and fairly raised on appeal from a final judgment. Id. at 14. Accordingly, the petition for mandamus was denied in all respects and the case was returned to the district court. On May 7, the day this case was scheduled to go to trial, it was announced that the veterans and the chemical companies had reached a settlement. The terms of that settlement in no way affect the third party claims against the government, which are scheduled to go to trial in the fall of 1984.
 
 II
 
 4
 On this appeal the government seeks to revive its earlier argument and invoke the Cohen doctrine, a narrowly carved exception to the final judgment rule. We specifically are asked to review that part of Pretrial Order 91 which ruled that Feres v. United States, supra, does not bar the third-party complaint based on the independent claims of the servicemen's wives and children.[1]
 
 
 5
 The final judgment rule, embodied in 28 U.S.C. Sec. 1291, requires "that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits," Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). In order to come within the small class of cases excepted from the rule by Cohen, a trial court's order must meet three conditions: first, it "must conclusively determine the disputed question"; second, it must "resolve an important issue completely separate from the merits of the action"; and third, it must "be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 331 (1978); see Abney v. United States, 431 U.S. 651, 658-59, 97 S.Ct. 2034, 2039-40, 52 L.Ed.2d 651 (1977). In addition, Cohen established that a collateral appeal of an interlocutory order must "presen[t] a serious and unsettled question," 337 U.S. at 547, 69 S.Ct. at 1226. See Nixon v. Fitzgerald, 457 U.S. 731, 742, 102 S.Ct. 2690, 2698, 73 L.Ed.2d 349 (1982).
 
 
 6
 One purpose of the final judgment rule is "to prevent an appeal on an issue concerning which the trial court has not yet made up its mind beyond possibility of change ...." Cinerama, Inc. v. Sweet Music, S.A., 482 F.2d 66, 70 (2d Cir.1973). Thus, in order to meet the requirements of the first Cohen prong, the matter must have been finally disposed of so that its decision is not "tentative, informal or incomplete." Cohen, 337 U.S. at 546, 69 S.Ct. at 1225. While there is no simple formula to define finality, see, e.g., Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 171, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974), an order expressly subject to future reconsideration by the issuing court is generally thought to be nonappealable. See, e.g., Ruiz v. Estelle, 609 F.2d 118, 119 (5th Cir.1980) (order awarding attorney's fees prior to decision on the merits could not be appealed as a collateral order since "it was manifestly subject to later reconsideration by the court"); Matthews v. IMC Mint Corp., 542 F.2d 544, 547 (10th Cir.1976) (collateral order doctrine does not permit appeal from order that denied intervenor's motion to quash an attachment, with leave to renew the motion upon a stronger showing of title to the attached property); Gerstle v. Continental Airlines, Inc., 466 F.2d 1374, 1377 (10th Cir.1972) (order decertifying a class not deemed final in light of trial court's statement that, if a future motion to have the case treated as a class action were filed, it would be set for hearing, and in light of other remarks showing that the determination was not beyond reconsideration).
 
 
 7
 The government asserts that the Feres doctrine, which guards against the threat to military discipline, protects it not only from potential liability, but also from having to submit to trial. Relying on cases such as Abney v. United States, supra, Helstoski v. Meanor, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979), and Nixon v. Fitzgerald, supra, the government contends that this aspect of the Feres issue has been conclusively determined, that it is completely separate from the merits of the action, and that there can be no effective review of it after a final judgment since the prejudice of a trial will have already occurred. Upon examining the Cohen factors, it is plain that the government's application must fail.
 
 
 8
 In the first place, Pretrial Order 91 did not conclusively determine the disputed question. Assuming that the government has properly framed the disputed question, the language of the district court's order reveals that the occurrence of a trial is no certainty. It emphasized that the ruling was "tentative to assist the parties in preparing for trial" and that the government could "renew its motion to dismiss at any time before or during trial as further evidence and legal developments suggest." In re "Agent Orange", supra, 580 F.Supp. at 1256. The term "before or during trial" leaves open the distinct possibility of dismissal before the case is heard. In this connection, it has been noted that there is little justification for immediate appellate intrusion where, as here, "there is a plain prospect that the trial court may itself alter the challenged ruling ...." 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3911, at 470 (1976).
 
 
 9
 The second prong of Cohen requires that the matter submitted for review be "separable from, and collateral to, rights asserted in the action." 337 U.S. at 546, 69 S.Ct. at 1225. The government argues that the question of whether Feres protects it from having to proceed with a trial is completely separate from the merits of the third party claims. Again we disagree. The issue of whether Feres insulates the government from a trial is inextricably intertwined with the question of the kinds of claims from which Feres grants the government immunity. One of the crucial policies offered in support of the Feres doctrine was avoiding the negative effects on military discipline that might attend suits by servicemen under the Tort Claims Act. See United States v. Brown, 348 U.S. 110, 112, 75 S.Ct. 141, 143, 99 L.Ed. 139 (1954). In Stencel Aero Engineering Corp. v. United States, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977) (Stencel), the Supreme Court extended the military discipline rationale to preclude a third party from seeking government indemnity for damages it may be required to pay an injured serviceman. Without entering into a discussion of the specific application of Feres, we merely note that this case presents a question of first impression in this Circuit since it deals not with the third party claims arising from the veterans' injuries, but with those third party claims arising from the independent injuries of the veterans' wives and children. Without a factual record, it is difficult to predict whether a finding of liability will undermine military discipline, as in Feres and Stencel, or whether this case is more akin to Justice Marshall's example of a cognizable FTCA action where government (and third party) negligence causes a serviceman to make contact with and injure a civilian. See Stencel, supra, 431 U.S. at 676, 97 S.Ct. at 2060 (Marshall, J., dissenting) (where malfunction in pilot eject system causing injuries to serviceman does not give rise to action against government under the Tort Claims Act, the same malfunction causing that system to plunge into a civilian's house does give rise to a Tort Claims action by the injured civilian).
 
 
 10
 Finally, the government has failed to show that Pretrial Order 91 has satisfied the third Cohen prong, namely that the order be "effectively unreviewable on appeal from a final judgment." The government, arguing that Feres protects it from having to defend at trial, reasons that there can be no effective review after a final judgment since the prejudice of a trial will already have occurred.
 
 
 11
 At first glance, this argument is somewhat attractive. Courts have held it is the suit--not merely the recovery--that Feres prohibits. E.g., Henninger v. United States, 473 F.2d 814, 815 (9th Cir.), cert. denied, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973). In fact, Stencel observed that a trial would involve the second-guessing of military orders and require members of the military to testify as to each other's decisions and actions. Both of these factors would undermine military discipline regardless of the eventual verdict. 431 U.S. at 673, 97 S.Ct. at 2058.
 
 
 12
 We do not perceive the potential harm from proceeding to trial in this case rising to the level of harm that would have resulted from awaiting final judgment in cases such as Abney, Helstoski and Nixon upon which the government relies. In Abney, a criminal defendant was permitted to take a Cohen appeal from a denial of a double jeopardy claim because "the Double Jeopardy Clause protects an individual against more that being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense." 431 U.S. at 660-61, 97 S.Ct. at 2040-41. See Richardson v. United States, --- U.S. ----, 104 S.Ct. 3081, 3084, 82 L.Ed.2d 242 (1984). A Cohen appeal also was allowed in Helstoski, where an accused asserted a defense of Congressional immunity under the Speech and Debate Clause. The Court recognized that the Speech and Debate Clause was designed to protect Congressmen from the burden of defending themselves, as well as from the consequences of litigation. 442 U.S. at 508, 99 S.Ct. at 2449. In Nixon, the reason for requiring a Cohen appeal arose from a threat to presidential prerogatives under the separation of powers. 457 U.S. at 743, 102 S.Ct. at 2698. There, President Nixon had interposed a defense of absolute immunity from civil liability.
 
 
 13
 In all three of these cases, the application of Cohen turned on the assertion of an absolute protective privilege, grounded in the Constitution. By contrast, the Feres defense does not arise from any claim of absolute privilege, nor does it implicate a constitutional right. The military discipline policy is merely one of three factors considered under the Feres doctrine, and the trial aspect is only one of the factors bearing on military discipline. Further, parties always suffer some detriment when forced to proceed to trial, but that fact, by itself, does not justify a Cohen appeal in every case. Thus, although there are some policy considerations militating in favor of the government, they do not present a sufficiently grave threat of irreparable harm to justify the conclusion that Pretrial Order 91 would be effectively unreviewable on appeal from a final judgment.
 
 III
 
 14
 Underlying the final judgment rule and the collateral order exception of Cohen are the competing interests of judicial economy and fairness to the litigants. A balancing of these interests in the present case, as the preceding discussion indicates, requires dismissal of the appeal. Moreover, were we to entertain this appeal merely because the case has received considerable publicity, the Cohen exception would completely swallow the final judgment rule.
 
 
 15
 In resolving the government's original motion under Feres, Chief Judge Weinstein ruled that the case should go to trial. Nevertheless, as the trial progresses and the merits become more clear, he may grant the government's motion. If, on the other hand, the district court concludes that Feres does not serve as a bar, "[a]ll points asserted may be raised fully on the appeal from the final judgment and disposed of on the merits at that time." In re United States, supra, 733 F.2d at 14. Even though some detriment to military discipline might result from holding a trial, such possible harm does not outweigh the strong policies of the final judgment rule. In consequence, notwithstanding the fact that this case presents what may be styled as a "serious and unsettled question," the principles of 28 U.S.C. Sec. 1291 are best served by having the trial court in the first instance perform its role in the adjudication of this lawsuit.
 
 
 16
 Accordingly, we dismiss the government's appeal for lack of jurisdiction.
 
 
 
 [1]
 As noted above, the panel in In re United States considered the Cohen issue while the government's petition for a writ of mandamus was before it and found that a final judgment was lacking. 733 F.2d at 14. However, the panel was unaware at the time of its decision that the government had filed a separate notice of appeal. It is apparent that the panel would not have addressed the Cohen issue if it had known that a separate appeal was pending. See Order of May 7, 1984, reprinted at J.App. 267. Compare Schlagenhauf v. Holder, 379 U.S. 104, 110, 85 S.Ct. 234, 238, 13 L.Ed.2d 152 (1964) (petition for mandamus may not be used as a substitute for an appeal) and United States v. Allen, 408 F.2d 1287, 1289 (D.C.Cir.1969) (court refuses to consider issues beyond the scope of mandamus) with In re United States, 680 F.2d 9 (2d Cir.1982) (appeal and mandamus petition simultaneously before the Court) and Diamond v. United States District Court for the Central District of California, 661 F.2d 1198, 1198-99 (9th Cir.1981) (court may treat mandamus petition as notice of appeal under some circumstances). Thus, we do not find the Court's resolution of the Cohen issue, which should normally be raised on appeal, to be binding in this case. We now hold that the district court's order does not fall within the Cohen exception and therefore we lack appellate jurisdiction under 28 U.S.C. Sec. 1291 (1982)