The **CLOROX COMPANY**, Petitioner,

v.

The **UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF CALIFORNIA**, Respondent.

No. 83–7815.

United States Court of Appeals,
Ninth Circuit.

Argued April 13, 1984.

Submitted Oct. 29, 1984.

Decided March 26, 1985.

Norris, Circuit Judge, filed dissenting opinion.

Robert Fries, Steinhart & Falconer, San Francisco, Cal., for petitioner.

Stephen L. Roycraft, Barfield, Barfield, Dryden & Ruane, San Francisco, Cal., for respondent.

Before SKOPIL and NORRIS, Circuit Judges, and EAST,* District Judge.

SKOPIL, Circuit Judge:

Clorox Company ("Clorox") petitions for a writ of mandamus requiring the district court to vacate its order remanding this action to the state court from which it was removed. We conclude that the petition must be denied.

## FACTS AND PROCEEDINGS BELOW

Carol Stower, a participant in Clorox's employee welfare benefit plan, filed the underlying action against Clorox in Alameda County (California) Superior Court. Stower's complaint asserted several claims: loss of salary and benefits due to wrongful termination, misrepresentation of intent to pay disability benefits, negligent administration of Clorox's employee benefit plan, and malicious conduct in terminating her employment and benefits. Clorox removed the action to federal court under 28 U.S.C. §§ 1331 and 1441(a). Clorox predicated its removal on the existence of a federal ques-

tion under the Employee Retirement Income Security ("ERISA") Act, 29 U.S.C. §§ 1001–1381.

Thereafter, Stower moved the district court to remand the action to state court. The district court granted Stower's motion to remand, finding that statements made in an employee handbook estopped Clorox from asserting its right to removal.

Clorox seeks mandamus relief in this court to prevent the district court from remanding this case to state court. Stower opposes the grant of mandamus relief. We conclude that because the district court's order is appealable under 28 U.S.C. § 1291, extraordinary review by mandamus is not available.

## DISCUSSION

Mandamus is an extraordinary remedy and one that will be employed only in extreme situations. *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976); *Sacramento Bee v. United States District Court*, 656 F.2d 477, 480–81 (9th Cir.1981), *cert. denied*, 456 U.S. 983, 102 S.Ct. 2257, 72 L.Ed.2d 861 (1982). Extraordinary review by mandamus is not available where the same review may be obtained through contemporaneous ordinary appeal. See *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 8 n. 6, 103 S.Ct. 927, 933 n. 6, 74 L.Ed.2d 765 (1983); *Silberkleit v. Kantrowitz*, 713 F.2d 433, 434–35 n. 1 (9th Cir.1983). We must determine, therefore, whether the district court's remand order in this case is reviewable by direct appeal.

28 U.S.C. § 1447(c) provides in part that:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

---

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

The following section, § 1447(d), generally forbids review of a remand order:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, ...

■ This court has recently redefined the scope of the non-reviewability rule of section 1447(d) to bar review of only those remand orders which are based on a lack of jurisdiction. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 276 (9th Cir.1984). (Section 1447(d) does not bar a direct appeal where remand is based upon application of a forum selection clause.) Where a district court's remand order is based on a resolution of the merits of some matter of substantive law "apart from any jurisdictional decision," section 1447(d) does not foreclose appellate review of that decision. Id.

The remand order in this case provides little guidance as to the reason for remand. While the remand order does describe Stower's motion as being "pursuant to 28 U.S.C. § 1447(c)," it does not purport to remand the case on any of the grounds specified in section 1447(c). In fact, the order gives no reason for the remand.

■ Looking beyond the language of the remand order to all the surrounding circumstances, it appears that the remand of this case was based on "a substantive decision on the merits apart from any jurisdictional decision." *Pelleport,* 741 F.2d at 276. A review of the transcripts indicates the district court's decision to remand was based on its belief that Clorox had waived the right to remove by informing employees in its employee handbook that suits to recover benefits under its plan could be filed in state or federal court.

Remand for waiver of a right to remove is not within the ambit of section 1447(c) which allows remand if removal was "improvidently granted" or if the district court is "without jurisdiction." Rather, here, as in *Pelleport,* remand was based on a substantive decision on the merits apart from any jurisdictional decision. As in *Pelleport,* the remand order in this case is ap-

pealable under 28 U.S.C. § 1291. *Pelleport,* 741 F.2d at 276–78.

We are mindful that denying Clorox's petition for a writ of mandamus when Clorox could have filed a direct appeal on the authority of *Pelleport* is somewhat of a harsh result since the time for filing a notice of appeal has long since expired. Nonetheless, we are disinclined to avoid this result by the simple expedient of treating the petition for a writ of mandamus as a notice of appeal. There is no authority authorizing us to construe a petition for a writ of mandamus as a notice of appeal. But see *Diamond v. United States District Court,* 661 F.2d 1198, 1199 (9th Cir. 1981) (dicta suggesting that considerations of fairness would allow a court to construe a mandamus petition as a notice of appeal). Moreover, it would be unwise to further blur the distinction between mandamus and appeal procedures by allowing one to substitute for the other.

Clorox's petition for a writ of mandamus is DENIED.

NORRIS, Circuit Judge, dissenting:

I dissent because, unlike the majority, I would treat Clorox's petition for a writ of mandamus as a notice of appeal, thus emphasizing substance over form. Clorox filed its writ while *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273 (9th Cir.1984), was still pending. When Clorox filed its petition, therefore, it was not unreasonable for petitioner to believe the district court's remand order was reviewable only by mandamus, not by direct appeal. After *Pelleport,* however, it is clear that the remand order is reviewable by a direct appeal. Since *Pelleport* arguably changed the law of the Circuit and it was decided after it was too late for Clorox to file a direct appeal, I think denying Clorox's petition for a writ of mandamus is an unnecessarily harsh result.

Contrary to the view of the majority, I believe we do have the authority to construe the petition as a notice of appeal. It is well settled that this Circuit adheres to the liberal rule by which "courts of appeals

have discretion, when the interests of substantive justice require it, to disregard irregularities in the form or procedure for filing a notice of appeal." *Cel-A-Pak v. California Agricultural Labor Relations Board,* 680 F.2d 664, 667 (9th Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982), (quoting *Rabin v. Cohen,* 570 F.2d 864, 866 (9th Cir.1978)). The rule has been stated as follows:

> [Documents] which are not denominated notices of appeal will be so treated when they serve the essential purpose of showing that the party intended to appeal, are served upon the other parties to the litigation, and are filed in court within the time period otherwise provided by Rule 4(a).

*Rabin,* 570 F.2d at 866.

In *Diamond v. United States District Court,* 661 F.2d 1198 (9th Cir.1981), the court found that an order denying a motion to file a late notice of appeal was appealable under 28 U.S.C. § 1291 and that direct appeal, and not mandamus, was the proper means of obtaining review. *Id.* at 1198. The court stated:

> We could, of course, construe petitioner's mandamus petition as a notice of appeal, and would, under the circumstances, ordinarily do so.... [W]ere we to construe the mandamus petition as a notice of appeal, the notice would not now be timely. For that reason, we decline to do so.

*Id.* at 1198–99. Although the language in *Diamond* is dicta, it is strong dicta for the proposition that we can construe a mandamus petition as a notice of appeal.[1] There is also authority for the converse: that we can treat a notice of appeal as a petition for a writ of mandamus. *Unified Sewerage Agency v. Jelco,* 646 F.2d 1339, 1343 (9th Cir.1981). I see no reason why the law of the circuit should be that we have authority to construe a notice of appeal as a petition for mandamus but cannot, under appropri-

ate circumstances, construe a writ of mandamus as a notice of appeal.

Our court has construed a variety of documents as a notice of appeal. *See, e.g., Noa v. Key Futures, Inc.,* 638 F.2d 77, 78 (9th Cir.1980) (stipulation to the entry of a new judgment an effective notice of appeal); *Rabin v. Cohen,* 570 F.2d 864, 867 (9th Cir.1978) (stipulation and motion requesting that record and briefs be transferred to new appeal a timely notice); *Curtis Gallery and Library, Inc. v. United States,* 388 F.2d 358, 360 (9th Cir.1967) (appellant's designation of record and statement of points on appeal construed as equivalent of notice of appeal).

Finally, other circuits have also construed a writ of mandamus as a notice of appeal. *See, e.g., Yates v. Mobil Country Personnel Board,* 658 F.2d 298, 299 (5th Cir.1981) ("A petition for mandamus filed in this court, however, may also satisfy the notice of appeal requirement...."); *United States v. RMI Co.,* 599 F.2d 1183, 1187 (3d Cir.1979) ("[T]here are no finality considerations militating against treating a petition for mandamus as the equivalent of a notice of appeal."); *United States v. Green,* 499 F.2d 538, 540 (D.C.Cir.1974) ("[T]he petitions for mandamus are treatable as notices of appeal."); *Strauss v. Smith,* 417 F.2d 132, 133 (7th Cir.1969) ("[T]he mandamus was construed as an appeal....").

When, as here, a party has made a statement that clearly evinces its intent to appeal and such a statement accomplishes the two basic objectives of the Rule 3 requirement—to notify the court of the appeal and to notify the opposing party of the taking of the appeal—I think we can and should construe that statement as a notice of appeal. *See Cel-A-Pak,* 680 F.2d at 667.

---

**1.** The Second Circuit has interpreted *Diamond* as standing for the proposition that a "court may treat mandamus petition as notice of appeal under some circumstances." *In re "Agent Orange" Product Liability Litigation,* 745 F.2d 161, 163 n. 1 (2d Cir.1984).