**Ivonne Melendez CARRION, et al.**

v.

**T. Emmet CLARIE, Senior United States District Judge, in his official capacity, et al.**

**Civ. No. H-87-159 (PCD).**

United States District Court,
D. Connecticut.

May 22, 1987.

Ronald Kuby, Hartford, Conn., for plaintiffs.

W. Philip Jones, Asst. U.S. Atty., Hartford, Conn., for defendants.

## RULING ON MOTION FOR PRELIMINARY INJUNCTION

DORSEY, District Judge.

*Procedural History*

Plaintiffs seek injunctive relief from the exclusion of children under the age of twelve from the courtroom during pretrial proceedings and the trial in *United States v. Gerena*, Crim. No. H–85–50(TEC) (D.Conn.); for a declaratory judgment that closure of the courtroom violates the First, Fifth, and Sixth Amendments to the United States Constitution; and for an order requiring defendant Judge Clarie to repeat all proceedings since January 14, 1987. The parties were heard on March 25, 1987, as to the factual basis for this motion and their respective claims of law. Plaintiffs were provided with the opportunity to cross-examine defendants' supporting witnesses. By agreement, the hearing was deemed to reach the merits and not merely for a preliminary injunction. Memoranda of law have been filed.

*Facts*

Plaintiffs Melendez Carrion, Diaz Ruiz, Colon Osorio, Ojeda Rios, Castro Ramos, Antonio Camacho Negron, Isaac Camacho Negron, Maldonado Rivera, Farinacci Gracia, Ramirez Talvera, Ayes Suarez, Gonzalez Claudio, Segarra Palmer III, Berrios Berrios, and Fernandez Diamante are defendants in *Gerena;* plaintiffs Maximiliano

Diaz Melendez (age 10), Norberto Diaz Melendez (age 9), and Segismundo Diaz Melendez (age 6), are children of plaintiffs Ivonne Melendez Carrion and Angel Diaz Ruiz, who sue both individually and on behalf of their children. Defendant Clarie is a United States District Judge for the District of Connecticut who is presiding over *Gerena.* Defendant Mangini is the United States Marshal for the District of Connecticut and is responsible for court security in the District of Connecticut.

On January 13, 1987, Michael Courtney, an agent of the United States Marshal's Service, who is supervising security for *Gerena* (Declaration of Michael Courtney at ¶ 1), after consulting with Judge Clarie, *id.* at ¶ 7, issued rules and procedures for the suppression proceedings and the trial of *Gerena.* Included was the provision: "CHILDREN UNDER THE AGE OF TWELVE (12) ARE NOT PERMITTED IN THE COURTROOM." [1] (Capitals in original). The adult plaintiffs' counsel, on January 13, 1987,[2] moved to have the rule revoked by Judge Clarie, arguing that, because they were natives of Puerto Rico and strangers to the community where *Gerena* was being tried, they were thus forced to choose between baby-sitting their children outside the court or attending the court proceedings and trusting the care of their children to a baby-sitter that they did not know. Plaintiffs also argued that the rule was a deprivation of their constitutional right to a public trial and of the childrens' rights to attend the trial. It was also claimed that the rule could be limited to require that children be dismissed from the proceedings only when, in future proceedings, their behavior warranted such action. These arguments were considered by Judge Clarie who denied the motion, commenting:

> Of course we had some experience ... on several occasions previously when children were running up and down the benches during the preliminary hearings and I didn't say anything. I let it go because it was simply preliminary. ...

> If you are going to accomplish justice, you have to do it in an atmosphere—dignified atmosphere with reserve and calm and quiet and not disruptiveness going on in the courtroom.

*Gerena,* Transcript of Proceedings at 15–16 (January 13, 1987). On January 21, 1987, plaintiffs filed a Joint Motion for Reconsideration of the Order Prohibiting All Children Under Twelve Years of Age from Entering the Courtroom While Proceedings in the Above Matter Are in Progress, wherein essentially the same arguments presented on January 13, 1987, are here were reiterated. On January 21, 1987, that motion was denied.

On March 3, 1987, plaintiffs instituted this action alleging five causes of action against the rule:

(1) Deprivation of the adult plaintiffs' right to a public trial under the sixth amendment;

(2) Deprivation of minor plaintiffs' right to attend a public trial under the first amendment;

(3) Deprivation of adult plaintiffs' rights to equal protection under the fifth amendment, as the exclusion of children applies only in *Gerena* and not in other criminal proceedings;

(4) Deprivation of the rights of plaintiffs Melendez Carrion and Diaz Ruiz to be present at all stages of their criminal proceedings in violation of the sixth amendment and Fed.R.Crim.P. 43; and

(5) Deprivation of plaintiffs' rights to due process under the fifth amendment.

*Discussion*

After consideration of the issues presented and the applicable law, the court declines to grant plaintiffs' requested relief on the ground that any impropriety in the procedure or the substance of the ruling of Judge Clarie must be discerned, if at all, in an appeal to the circuit court.

"The final judgment rule, embodied in 28 U.S.C. § 1291, requires 'that a party must ordinarily raise all claims of error in a

---

**1.** The document was printed in both Spanish and English.

**2.** The three plaintiff children were admitted on January 13, 1987, as an exception to the rule.

single appeal following final judgment on the merits.'" *In re Agent Orange Product Liability Litigation,* 745 F.2d 161, 163 (2d Cir.1984), quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). However, in *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Court carved out a narrow exception to this rule allowing collateral appeals where the trial court's order meets three conditions:

[F]irst, it "must conclusively determine the disputed question"; second, it must "resolve an important issue completely separate from the merits of the action"; and third, it must "be effectively unreviewable on appeal from a final judgment."

*Agent Orange,* 745 F.2d at 163 (citations omitted). In *In re Application of the Herald Co.,* 734 F.2d 93 (2d Cir.1984), the trial court had closed to the public a pretrial hearing on a motion to suppress. The court of appeals heard an intervening newspaper's appeal of the trial court's orders as final orders within the collateral order exception noted in *Cohen. Id.* at 96. *See also, United States v. Cianfrani,* 573 F.2d 835, 845 (3d Cir.1978); *United States v. DeLorean,* 561 F.Supp 797, 799 n. 1 (C.D.Cal.1983); *but see, United States v. Brooklier,* 685 F.2d 1162, 1165–66 (9th Cir. 1982) (review by mandamus); *United States v. CBS, Inc.,* 497 F.2d 102, 104 (5th Cir.1974) (review by mandamus). Therefore, the minor plaintiffs should pursue their claims through a collateral appeal. The same rationale would similarly apply to the adult plaintiffs, although their right of appeal is not as clear. In *United States v. Kerley,* 753 F.2d 617, 618 (7th Cir.1985), the trial court's denial of defendant's request to videotape the in-court proceedings was held to be immediately appealable under 28 U.S.C. § 1291 and the *Cohen* doctrine, as defendant's first amendment rights were implicated. The court found (1) the issue was finally resolved by the trial court's ruling; (2) "that issues involving access to court proceedings or to records are separable from and collateral to the merits of the underlying litigation";

and (3) that defendant's first amendment rights would be "irretrievably lost if review were not obtained." *Id.* at 618–19 (citing *United States v. Hastings,* 695 F.2d 1278, 1280 n. 7 (11th Cir.1980). *Cf. United States v. Powers,* 622 F.2d 317, 319–320 n. 2 (8th Cir.), *cert. denied,* 449 U.S. 837, 101 S.Ct. 112, 66 L.Ed.2d 44 (1980) (where, although the court expressed "grave doubts concerning the appealability of interlocutory orders regarding closure of criminal trials to the. public," it did so because the ruling in that case was inseparable from the merits of the underlying action. The instant case is factually different from *Powers* because here the order was imposed *sua sponte,* not at the request of the adult plaintiffs, defendants in *Gerena,* and, secondly, because the order in this case was to insure proper decorum of the proceeding and to lessen the potential for disruption of the proceedings and was not directed toward the adult plaintiffs' assertion of their defense. Thus, there seems little question but that the order is directed toward the conduct of the *Gerena* proceeding rather than to the underlying merits. Accordingly, the concern expressed in *Powers* as to the separability issue is not present here and the matter would properly be appealable under § 1291.).

Plaintiffs' request for relief properly lies in an appeal to the Second Circuit rather than a collateral attack of defendants' order in this court. In *United States v. American Radiator & Standard Sanitary Corp.,* 388 F.2d 201 (3d Cir.1967), *cert. denied,* 390 U.S. 922, 88 S.Ct. 858, 19 L.Ed.2d 983 (1968), the court considered an appeal from an order of the District Court for the Western District of Pennsylvania temporarily restraining further proceedings in a civil antitrust action pending in the Eastern District of Pennsylvania. The corporate defendants in each case were the same. The Western District Court issued the ruling even though the Eastern District Court had previously denied essentially the same motion. The appellate court's discussion is instructive:

In this case the District Court for the Western District of Pennsylvania has in-

terrupted and enjoined the normal course of procedure in a case pending in the coordinate District Court of Pennsylvania for the Eastern District of Pennsylvania after the latter court had considered and denied a request for substantially the same interim relief. Within a single circuit where decisions of all district courts are reviewed by a single court of appeals, there is rarely need or justification for action by one district court interfering with the course of litigation pending in another. And certainly, if the injunctive relief sought in the sister court has been requested by the aggrieved parties and denied in the court whose proceedings are sought to be restrained, the sister court should hold its hand. The proper and orderly procedure, which the aggrieved corporations avoided in this case, is an appeal from the court which has first acted on the matter or an application of the reviewing court for a preemptory writ, not resort to another coordinate tribunal.

*Id.* at 203–04. This general rule is based on two underlying tenets. First, by abstaining from reviewing the actions of a sister court, "judicial time is conserved and unnecessary expense is avoided by going directly to the appellate court after the first adverse ruling, rather than seeking a conflicting trial ruling elsewhere with the prospect that in any event the matter in dispute will then be appealed." *Id.* at 204. "There simply must be an end to litigation. If the plaintiffs were to prevail in this litigation, it would mean that another group of plaintiffs could then file suit against me in order to have my opinion overturned. When and where would this cycle of litigation end and what rule of law would be established for litigants to follow?" *Baier v. Parker*, 523 F.Supp. 288, 291 (M.D.La.1981). Second, comity requires a court to abstain from reviewing the actions of a sister court. "For a judge of a coordinate jurisdiction to reverse a judgment of a fellow judge ... is to do a disservice to the law and create a disrespect for it." *Id.* "Where, as here, the two federal courts are of coordinate jurisdiction, and their decisions are reviewed by

the same Court of Appeals, the issuance of such an injunction is rarely, if ever, justified." *Bergh v. State of Washington*, 535 F.2d 505, 507 (9th Cir.1976). "The proper exercise of restraint in the name of comity keeps to a minimum the conflicts between courts administering the same law, conserves judicial time and expense, and has a salutary effect upon the prompt and efficient administration of justice." *Brittingham v. United States Commissioner of Internal Revenue*, 451 F.2d 315, 318 (5th Cir.1971); *In re Braughton*, 520 F.2d 765 (9th Cir.1975); *Watson v. Henderson*, 493 F.2d 912 (5th Cir.1974); *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804 (9th Cir.1963); *Airlines v. Digital Equipment Corp.*, 486 F.Supp. 831 (D.Mass.1980); *In re Carmona*, 224 F.Supp. 497 (S.D.Cal. 1963). This rule is all the more appropriate with respect to orders concerning the conduct of proceedings by another judge.

Accordingly, plaintiffs' claims may only be reviewed by an appeal to the Second Circuit Court of Appeals of the order promulgated in *Gerena*. A collateral attack on defendants' order is improper and unauthorized by the law. This case is dismissed.

SO ORDERED.

