**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1275**

EDWARD G. DONOVAN,

                    Plaintiff – Appellant,

          v.

JOHN E. POTTER, Postmaster General,

                    Defendant – Appellee.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge.  (5:07-cv-00001-BO)

Submitted:  November 5, 2009        Decided:  December 3, 2009

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Philip Wayne Barton, BARTON & ASSOCIATES, Fayetteville, North
Carolina, for Appellant.  Neal Fowler, Steve R. Matheny,
Assistant United States Attorneys, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward G. Donovan seeks to appeal the district court's order granting John E. Potter summary judgment on Donovan's claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2006), and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 to 797 (2006), and a subsequent order denying his motion for extension of time to file an appeal.  We affirm in part and dismiss in part.

When the United States or its officer or agency is a party to an action, a notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  See Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order granting Potter summary judgment was entered on the docket on December 10, 2008. Donovan's notice of appeal was filed on March 11, 2009, well beyond the sixty-day appeal period.  Although Donovan timely moved for an extension of time to file an appeal, the district court denied the motion, finding that Donovan failed to

2

establish good cause or excusable neglect as required by Rule 4(a)(5). Upon review, we conclude that the district court did not abuse its discretion in denying Donovan's motion. Moreover, Donovan is not entitled to a reopening of the appellate time period. See Fed. R. App. P. 4(a)(6). We thus affirm the district court's order denying Donovan's motion for extension of time to file an appeal, see Diamond v. United States Dist. Court, 661 F.2d 1198, 1198 (9th Cir. 1981) (recognizing that the denial of a motion for extension of time to file an appeal period is an appealable order), and dismiss the remainder of Donovan's appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
