**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 19-1310**

─────────────

RYLINDA RHODES,

        Plaintiff - Appellant,

   v.

COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,

        Defendant - Appellee.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:14-cv-01824-GLR)

─────────────

Submitted: October 19, 2022                  Decided:  June 9, 2023

─────────────

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Aaron H. Szot, Elaine L. Fitch, KALIJARVI, CHUZI, NEWMAN & FITCH, P.C., Washington, D.C., for Appellant.  Frank A. Chernak, MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP, Philadelphia, Pennsylvania; Michelle M. McGeogh, BALLARD SPAHR LLP, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rylinda Rhodes appeals the district court's judgment entered in favor of her former employer, Comcast Cable Communications Management, LLC ("Comcast"), in Rhodes' employment discrimination action. Rhodes seeks to challenge the district court's jury instructions regarding the standards governing an actionable hostile work environment claim. Rhodes also asserts that the district court erred when it denied her (1) Fed. R. Civ. P. 59(a) motion for a new trial; and (2) Fed. R. App. P. 4(a)(5) motion for extension of time to file a notice of appeal ("August 8 Order"). Comcast has filed a motion to dismiss Rhodes' appeal, in part, to the extent Rhodes seeks to challenge the underlying judgment and that portion of the August 8 Order denying Rule 59(a) relief. Comcast also seeks summary affirmance of that portion of the August 8 Order denying Rhodes' motion for extension of time to file an appeal. We affirm in part and dismiss in part.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The district court entered final judgment in Rhodes' action on January 16, 2019. Rhodes filed the

2

notice of appeal on March 22, 2019. Rhodes failed to file a timely notice of appeal or to obtain an extension of the appeal period.[1]

Although Rhodes initially obtained an extension of her time to appeal and timely filed a notice of appeal within the time allowed by the district court,[2] upon review, we find that the district court did not abuse its discretion when it denied Rhodes' motion for an extension of time to appeal. *See Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). To the extent Rhodes asserts that her motion for Rule 59(a) relief extended her time to file an appeal, the district court did not dispose of Rhodes' motion until April 22, 2021, and Rhodes failed to file a new or amended notice of appeal. We therefore lack jurisdiction to consider the validity of the district court's order denying Rhodes' motion for a new trial. *See* Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) . . . must file a notice of appeal, or an amended notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.").

---

[1] The court entered an amended judgment on January 30, 2019, but that filing did not toll the appeal period. *See Fed. Trade Comm'n v. Minneapolis-Honeywell Regul. Co.*, 344 U.S. 206, 211-12 (1952) (holding where judgment previously entered has been reentered or revised in immaterial way, period in which to seek review of judgment is not tolled).

[2] We possess jurisdiction to consider Rhodes' challenge to the district court's decision to deny her motion for an extension of time to file an appeal. *See Diamond v. United States Dist. Ct.*, 661 F.2d 1198, 1198 (9th Cir. 1981) (recognizing that the denial of a motion for extension of time to file an appeal is an appealable order).

3

Accordingly, we affirm the August 8 Order, in part, to the extent the district court denied Rhodes' motion for an extension of time to file an appeal and thus grant, in part, Comcast's motion and dismiss the remainder of Rhodes' appeal for lack of jurisdiction. We deny Comcast's motion for summary affirmance as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*